## SPRACKLEN et al. v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Ninth Circuit. August 24, 1925.)

No. 4467.

I. **Appeal and error** ⬤⟾522(1) — **Evidence brought up only by bill of exceptions or by stipulation of parties.**

Evidence received in trial court cannot be brought before the Circuit Court of Appeals otherwise than by bill of exceptions duly allowed and authenticated, or by stipulation of parties.

2. **Appeal and error** ⬤⟾927(2)—**In absence of proper record showing grounds of motion for nonsuit, appellate court assumes they were sufficient.**

In absence of proper record, showing grounds of motion for nonsuit, the Circuit Court of Appeals must assume they were sufficient.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Action by Dora Spracklen and others against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Milton L. Schmitt and Joseph H. Mayer, both of San Francisco, Cal., for plaintiffs in error.

E. W. Camp, E. T. Lucey, Robert Brennan, and M. W. Reed, all of Los Angeles, Cal., and Platt Kent, of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error, Dora Spracklen, together with her minor children, brought an action against the defendant in error to recover damages for the death of her husband, which was alleged to have been caused by the negligence of the defendant in error. The answer denied the alleged negligence, and pleaded contributory negligence on the part of the deceased.

The minutes of the court below show that the plaintiffs, after introducing their testimony, rested, and that the defendant moved

for nonsuit "on the grounds stated, which motion being submitted, it was ordered that the motion be and is granted, and that judgment be entered accordingly, and the jury discharged." It was further adjudged that the defendant recover from the plaintiffs its costs. No bill of exceptions is presented in this court and none appears to have been made or allowed in the court below.

[1, 2] The plaintiffs in error, however, seek to bring before this court the material evidence in the case, by injecting into their assignments of error the grounds of the motion and the testimony pertinent thereto. This, of course, is not permissible. The proposition that evidence received in the trial court cannot be brought before this court, otherwise than by a bill of exceptions duly allowed and authenticated, or by the stipulation of the parties, is so fundamental as to preclude the necessity of discussion or the citation of authority. And in the absence of a proper record showing the grounds of the motion for nonsuit, this court must assume that they were sufficient.

There being no showing of error in the court below, the judgment must be and is affirmed.