## In re COLLER.

### No. 18002.

District Court, E. D. Pennsylvania.
Jan. 7, 1935.

John N. Landberg, of Philadelphia, Pa., for debtor.

Louis S. May and John E. Malone, both of Lancaster, Pa., for mortgagee.

DICKINSON, District Judge.

We regret the circumstances which have prevented an earlier formal disposition of this motion.

On the motion for a reargument leave was granted counsel to rediscuss the merits of the original petition. There is no need to go over again the ground covered by our former opinion. We wish, however, to make clear the ruling heretofore made. We appreciate fully that we are dealing with a broad policy of the law. We have no thought of judging of the policy on narrow legalistic lines. This makes the discussion more or less academic. The law recognizes the obligation of debt and undertakes to enforce it. Here, for illustration, is a debt evidenced by a mortgage. What we know as the common law enforces the obligation of debt by lending its aid in the form of remedies which may be characterized as harsh. The debtor may be stripped of all he has and he and his

dependents reduced to the direst straits. He may even on occasion be put in prison until he pays.

This is the situation from the viewpoint of the debtor. It must not be forgotten, however, that the creditor is in a similar situation. Take the case, such as that before us, of a farm and a mortgage. The mortgagor may have his sole reliance for a livelihood upon his farm. If deprived of this, he may starve. The mortgagee may be in precisely the same situation. His sole dependence for his livelihood may be upon his mortgage. Unless he can collect it, he may starve. No one is to blame for the economic conditions which bring about such a situation. It none the less is a difficult one with which to deal. The law has sought to deal with it. It has abolished in large measure imprisonment for debt; it has given to debtors more and more liberal exemption laws; it has relieved debtors wholly of the obligation of debt through the operation of the Bankruptcy Act (11 U.S.C.A. § 1 et seq.); it has relieved corporations of the immediate pressure of the load of their debts through receiverships, and it has now given debtors the further measures of relief afforded by the law under discussion. How far these measures of relief should go is not for the courts to determine. Creditors cannot help themselves. They have a claim of debt, but they cannot enforce it without the aid of the law and the law can lend its aid on its own terms. It is, however, natural for the creditor to complain. They thought their power to imprison was a God-given right of which it was impious to deprive them. They, as would be expected, have resented every measure of relief extended to debtors. Whether any particular measure is unjust to creditors is a matter of opinion, but no judicial opinion has place in the discussion. It will be noted that opinions vary with the point of view. Take the Banking Fraternity, for illustration. They are creditors. When they are such, they are prone to dwell upon the sanctity of contracts and to resent any interference with the enforcement of the collection of debts due them. They are, however, also debtors. The plain truth is that no class of debtors has had more indulgence extended to them than has been extended to debtor banks. We have yet to hear of a complaint from them of laws which go to their relief. All this is only to make clear the truth that it is the duty of the courts to extend or withhold relief to debtors so far, and so far only, as it has been granted by law.

The Act of June 28, 1934 (48 Stat. 1289, 11 U.S.C.A. § 203(s) note) extends a measure of relief to farm owner debtors. The courts can extend this relief to those who have the right thereto; they are powerless to extend it to others, however sympathetic the courts may be with the applicants. There is provision in the act to transmute a farmer debtor's petition into the equivalent of a bankruptcy proceeding, but there is none to change a bankruptcy proceeding into a debtor proceeding. By an adjudication in bankruptcy title to property before in the bankrupt (other than exempt property) by operation of law is vested in the creditors who prove their claims. It thus becomes their property and no court, without the sanction of a law, can deprive them of it. This was the view before taken and to this we adhere.

We permitted the motion for a reargument to be filed because counsel expected to be able to find that there was express authority in the amendment for granting the relief prayed for even after an adjudication in bankruptcy. There is so much ground covered by these amendments that no one can be sure what is in them or what is not. All we can say is that counsel have not called our attention to any such provisions nor have we been able to find it.

The motion for a reargument is denied.