### BARTON v. GEHMAN. *
### No. 6292.

Circuit Court of Appeals, Third Circuit.
July 13, 1937.

*Writ of certiorari denied 58 S.Ct. 34, 82 L.Ed. ——.

John N. Landberg, of Philadelphia, Pa., for appellant.

Chas. W. Eaby, of Lancaster, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This cause is before us on a rule to show cause why the appeal should not be allowed in forma pauperis. By consent the merits were argued on the return of the rule which was treated as an appeal.

The facts as gathered from the pleadings in this case show that: Thomas C. Barton of West Hempfield township, Lancaster county, Pa., owns a farm containing about 56 acres. He issued a mortgage to John M. Gehman for $5,400, on which interest has not been paid since October 1, 1932, and on which taxes have not been paid since 1931. It is alleged that the property has become so depreciated and out of repair that it is now worth less than $3,000.

On July 20, 1932, Barton was adjudicated a bankrupt on a voluntary petition. The trustee in bankruptcy disclaimed any interest in the mortgaged property as a part of the bankrupt's estate. On January 6, 1933, Barton was discharged as a voluntary bankrupt. He has been residing on the property for many years. On or about November 27, 1934, he filed a petition in the District Court, praying that Gehman be restrained, under the provisions of the Act of June 28, 1934 (Bankr.Act § 75(s), 48 Stat. 1289, 11 U.S.C.A. § 203 note), from foreclosing the mortgage on the property in question. The case was referred to Martin E. Musser as conciliation commissioner and on April 19, 1935, he dismissed the petition because Barton refused to prosecute the same.

On May 20, 1935, Gehman issued a scire facias on his mortgage in the court of common pleas of Lancaster county. The Supreme Court having declared the Frazier-Lemke Act of June 28, 1934, unconstitutional, the court of common pleas on June 21, 1935, entered judgment in favor of Gehman on the scire facias for $6,504.75. Three days later he issued a levari facias on

the judgment to the August term. By virtue thereof the sheriff of Lancaster county advertised the real estate at public sale and on August 16, 1935, sold it to Gehman for $531.20 which was paid to the sheriff four days later, the property thus costing him $531.20, plus his mortgage of $5,400, together with interest and taxes.

The second Frazier-Lemke Act was approved by the President on August 28, 1935 (section 6, 11 U.S.C.A. § 203 (s), and on September 5th following, on petition of Barton, the United States District Court entered an order restraining the sheriff of Lancaster county from delivering the deed to Gehman.

Prior to the proceedings in the District Court, Barton, on June 19, 1935, filed a petition in the court of common pleas asking for relief under the State Moratorium Act of March 27, 1935 (12 P.S.Pa. § 2209 et seq.), but the court, after hearing, dismissed the petition. Appeal was taken to the Supreme Court of Pennsylvania which refused to make the appeal a supersedeas. When the appeal was called for argument on May 11, 1936, it was non prossed at the request of Barton. On August 27, 1936, the District Court vacated the restraining order. Three days later the sheriff delivered to Gehman the deed for the premises.

Not only has Barton refused to pay taxes or interest, but has failed and neglected to keep the buildings insured, has not tilled the soil or kept the place in repair. He has not complied with the provisions of section 75(s) of the Bankruptcy Act and failed and refused to prosecute the case when he should have done so. Under all the facts and circumstances, we do not think that the court committed error in vacating its restraining order.

The order is affirmed.