## PEARCE et al. v. COLLER. *
### No. 5736.

Circuit Court of Appeals, Third Circuit.
July 13, 1937.
Rehearing Denied Sept. 27, 1937.

John N. Landberg, of Philadelphia, Pa., for appellant.

Geo. T. Hambright and John E. Malone, both of Lancaster, Pa., for appellee J. E. Baker Co.

Louis S. May, of Lancaster, Pa., for appellee Pearce.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

On June 27, 1934, the appellant filed a voluntary petition in bankruptcy and on the following day was adjudicated a bankrupt. The first meeting of creditors was held before the referee in bankruptcy on July 20, 1934, and Charles H. Pearce was elected trustee of the bankrupt estate.

*Writ of certiorari denied 58 S.Ct. 266, 82 L.Ed. —.

Section 75 was added to the Bankruptcy Act on March 3, 1933 (47 Stat. 1470). On June 7, 1934, subsection (a) of section 75 was amended (11 U.S.C.A. § 203 (a) and by amendment of June 28, 1934 (48 Stat. 1289), subsection (s) was added to section 75 (11 U.S.C.A. § 203 (s) note). On August 3, 1934, the appellant filed a petition in the District Court praying for the benefits of subsection (s). Answers were filed by the trustee and J. E. Baker, holder of the first mortgage on appellant's property on which execution had been issued before the adjudication in bankruptcy. They opposed the right of the appellant, under the facts of the case, to relief under section 75, as amended (11 U.S.C.A. § 203).

■ Judge Dickinson filed two opinions in this case. In his first opinion, filed October 24, 1934, 8 F.Supp. 447, he held that since the appellant had elected to file a petition in bankruptcy rather than a debtor's petition under section 75 of the act and there had been elected a trustee in whom title to the property of the bankrupt estate vested, the bankrupt no longer owned the farm, and not owning the farm, he was not entitled to the benefits of section 75; that the only way in which he could in this action secure title to the property was to offer a compromise and have it accepted by the required number of creditors and approved by the court. This he has failed to do. Neither had he offered any plan of extension.

On December 7, 1935, Judge Dickinson granted a reargument, 20 F.Supp. 245, but reaffirmed his previous conclusions.

On the day of the reargument, counsel filed an affidavit of the appellant wherein he alleged that he had been "fraudulently ill-advised and wholly misled and induced into executing a voluntary petition in bankruptcy on June 27, 1934," but Judge Dickinson evidently did not believe such to be the fact and the affidavit as well as the circumstances surrounding the filing of the petition do not indicate that any fraud was practiced upon him.

We do not find that Judge Dickinson erred, and for the reasons set forth in his opinions, the decrees are affirmed.

### On Petition for Rehearing.

PER CURIAM.

This case is here on petition for rehearing. The District Court held that the bankrupt debtor elected to proceed under the general Bankruptcy Act (11 U.S.C.A. § 1 et seq.) rather than under the provisions of section 75, which was added to the Bankruptcy Act on May 3, 1933, 47 Stat. 1470, 11 U.S.C.A. § 203 and note, and he was, therefore, not entitled to the benefit of that section. On June 28, 1934, the day after the bankrupt filed his voluntary petition in bankruptcy, subsection "s" was added to section 75, 48 Stat. 1289, 11 U.S.C.A. § 203 (s) note. On July 20, 1934, the first meeting of creditors was held before the referee and Charles H. Pearce was elected trustee. Upon his election all the property of the bankrupt became vested in him.

The District Court further held that since the property of the bankrupt estate was no longer vested in the debtor, he was not entitled to the benefits of subsection "s" of section 75 of the Bankruptcy Act, and that while a petition filed under section 75 might be transformed into one under the general Bankruptcy Act, the reverse was not true.

The petitioner now calls our attention to the provision of subsection "s" of section 75, as amended by Act Aug. 28, 1935, 11 U.S.C.A. § 203 (s), that "any farm debtor who has filed under this title may take advantage of this section upon written request to the court." The petitioner says that he made such request.

■ Subsection "s" provides that such request shall be made at the time of the first hearing, but at that time the petitioner made no such request. The subsection further provides that, "upon such a request being made, the referee, under the jurisdiction of the court, shall designate and appoint appraisers." Appraisers were not appointed at the time of the first meeting of creditors after adjudication for the reason that no request was then or at any other time made by the petitioner which was necessary before the court could appoint the appraisers. Furthermore, the petitioner failed to comply with the terms of the act relative to a composition (though petitioner alleges that he did offer 5 per cent.) and plan of extension.

Subsection "s" also provides that if the debtor at any time fails to comply with the provisions of that section, the court may order the appointment of a trustee and order the property sold. There can be no pre-

tense that the petitioner complied with the requirements of the act.

In addition it is alleged, and not denied, that no interest or taxes have been paid upon the property in question "since the institution of the present proceedings in June of 1934 or for several years prior thereto."

■ The petitioner shows that the mortgage indebtedness is $9,000 on which no interest has been paid for five or six years and that the property is "now worth about $5,000." Consequently the petitioner has no equity whatever in the property. Accordingly there is no reason equitable or legal justifying the reversal of the decree of the District Court or a rehearing by this court.

The petition for rehearing is denied and the decree of the District Court affirmed.