### DONALD v. SAN ANTONIO JOINT STOCK LAND BANK OF SAN ANTONIO.

No. 8726.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1938.

Geo. M. Hopkins, of Denton, Tex., for appellant.

Wm. F. Koch, of San Antonio, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant, a bankrupt under the provisions of Section 75 (s) of the Bankruptcy Act, 11 U.S.C.A. § 203(s), prosecutes this appeal from an order granting to appellee permission to proceed with the foreclosure of its lien on 137 acres of land, being a part of 800 acres owned and operated by appellant as a farm.

The order was entered on petition to review an order of the commissioner-referee, which recited that the court found the facts to be that the income from the property was inadequate to pay taxes and interest; that the property would not produce income sufficient to pay the debt over an extended period; that the bankrupt was not in position to increase the income; that he had no other resources from which he could rehabilitate himself; and that the continued use and occupation of the premises by the bankrupt, with his limited means, would decrease the value of the security. Notwithstanding these findings, the order recited, as a conclusion of law, that the court was without power to grant appellee permission to foreclose its mortgage, and ordered its petition dismissed. The hearing was held on the 12th day of May, 1937, at which time the commissioner-referee announced his rulings, and asked the attorney for appellee to draw an order embodying the same.

The order was presented and signed on the 17th day of July, and, at the same time, a petition for review was presented and allowed. On review, the order in question, the petition for review, and order allowing same were filed with the clerk and referred to the supervising conciliation commissioner, who immediately recommended the reversal of the action of the commissioner-referee as a matter of law, the findings of fact being accepted as correct. An order reversing the order of the commissioner-referee and allowing the relief sought by appellee was entered by the district judge on July 21st, which appellant petitioned the court to set aside, as a matter of law, specifically alleging that the commissioner's findings of fact were not supported by the evidence; that appellant had not been given an opportunity to attack them; and that the order entered on the hearing became final when not appealed from within a reasonable time. This petition was referred to the supervising conciliation commissioner, who heard the testimony of such witnesses as were offered and reported his findings of fact and conclusions of law, recommending

that the petition be denied. An order was entered accordingly, and this appeal followed. It is noted on the record that the judge sat with the supervising conciliation commissioner and participated in his findings and conclusions, wherefore no exceptions were taken to the report before the entry of the order.

It is conceded that the conciliation commissioner, sitting as a referee in bankruptcy, had jurisdiction of appellee's petition as a controversy arising in bankruptcy proceedings. It is well established that a court of bankruptcy, in a strict sense, is a court of equity, the estate being a trust in the possession of persons completely under the control of the court in so far as they deal with the property subject to its jurisdiction. In such proceedings, as in a court of equity, the court speaks only through its orders or decrees, duly signed or entered of record. No order having been entered at the conclusion of the hearing of May 12th, it must be considered as having been held open until the order was actually entered on July 17th. The fact that, by its terms, it was entered as of May 12th does not affect the case, since no attack is made upon this feature of the order, and substantial rights were not thereby impaired.

The right to petition for review of the order accrued on the date it was actually made, and the petition therefor was filed in time. The power of the judge to revise, affirm, or reverse the orders of the referee is too clear to admit of any discussion; and the jurisdiction of the court to grant the relief in the instant case was not affected by the unusual procedure leading thereto.

The proceedings had after the entry of the order of July 21st were broad enough to be considered a trial de novo of the case at issue; but we need not consider the power of the judge to rehear the whole matter without regard to the previous orders of the commissioner-referee, since the proceedings actually had were upon the petition of appellant to set aside the order of July 21st reversing the order under review. As such the proceedings were in the nature of a petition for a rehearing or a new trial, and, in the absence of abuse of discretion, are not subject to review by this court. Thus the case is presented upon the question of the propriety of reversing the order upon a proposition of substantive law found in favor of appellant by the commissioner-

referee and against him by the district court.

This question is presented in a twofold aspect: (1) Is the right to a three-year stay of a farmer bankrupt, adjudicated under subsection (s), absolute so long as the adjudication stands? (2) If the right is not absolute, do the facts found by the commissioner-referee sustain the holding of the district court that appellee should be permitted to proceed with its foreclosure on the property involved?

As to the first proposition, it is stated in Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 461, 57 S.Ct. 556, 561, 81 L.Ed. 736, 112 A.L.R. 1455, that "while the Act affords the debtor, ordinarily, a three-year period of rehabilitation, the stay provided for is not an absolute one; and * * * the court may terminate the stay and order a sale earlier," and this view was considered necessary to the validity of the act. The language following the above quotation leaves no doubt that the court is given complete control over the property of the bankrupt. While it is stated in the opinion that the act is lacking in clarity, a number of situations are supposed in which the entire estate would be liquidated prior to the expiration of the three-year period. Thus, at page 462, 57 S.Ct. at page 562, the court says: "This clause must be interpreted as meaning that the court may terminate the stay if after a reasonable time it becomes evident that there is no reasonable hope that the debtor can rehabiliate himself within the three-year period."

No question of good faith is raised in this proceeding. We are confronted with a case in which it is shown that there is no reasonable hope of rehabilitation with the property in question remaining in the estate. It is not shown whether or not appellant can rehabilitate himself with the other property. The power of the court to terminate the proceedings and liquidate all the property being clear, it appears that appellant's only ground of attack on the order of the district court is that it stops short of the result and segregates a part for liquidation. To say that the court may not do this would be contrary to the purpose and intention of the act. It is more consonant with the beneficient provisions of the legislation to invest the court with a discretionary power to withhold from liquidation proceedings any property which it is not shown that the debtor will be unable to redeem, after satisfying the duties imposed

upon him in the course of the administration.

The record discloses that, at the time this appeal was taken, the court was proceeding in an orderly way to ascertain whether or not the debtor wished to, and could, continue the administration of the remaining properties. For the reasons given, it appears that the action taken was correct, and the judgment of the district court should be affirmed.

Affirmed.