### BAKERSFIELD ABSTRACT CO. v. BUCKLEY.

### CLENDENEN v. SAME.

No. 8857.

Circuit Court of Appeals, Ninth Circuit.
Dec. 17, 1938.

Wm. H. B. Haymond, of Los Angeles, Cal., for appellant Bakersfield Abstract Co.

Osborn & Burum, of Bakersfield, Cal., for appellant Clendenen.

W. R. Bergman, of Bakersfield, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant Clendenen was a beneficiary under a deed of trust and appellant Bakersfield Abstract Company was named trustee therein. In 1937 default occurred in the note secured by the deed, and at the instance of the beneficiary the trustee caused notice of default to be recorded in the proper county, preliminary to a sale of the encumbered property.

Later, appellee Jennie R. Buckley, trustor under the deed of trust, filed a petition for composition under § 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203. Being unable to effect a composition, appellee petitioned to be adjudicated a bankrupt under § 75 (s), 11 U.S.C.A. § 203 (s). The order of adjudication, made December 13, 1937, embraced an order enjoining and restraining all creditors from commencing or maintaining any judicial proceeding against the bankrupt or proceeding with any sale of the bankrupt's property under any deed of trust, until further order of the court.

Fourteen days after the adjudication the trustee held a sale of the encumbered property, the beneficiary Clendenen, and his wife, being purchasers thereat. The referee, to whom the bankruptcy case had been referred, then issued an order directing the trustee and Clendenen, appellants, to show cause why the trustee's sale should not be set aside. Upon a return made to the order the referee, without making findings, set aside the sale, and the court on review confirmed his action. These appeals followed.

In support of their argument that it was error to void the sale, appellants contend, (1) that the restraining order was prematurely made and unauthorized by the statute; and (2) that the restraining order was not operative upon the trustee because it did not have notice or knowledge of such order.

Both parties rely on Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875. However, that case does not aid appellants.

The restraining order, made contemporaneously with the adjudication, was one within the general powers of the bankruptcy court. Bankruptcy Act, § 2 (15), 11 U.S.C.A. § 11 (15). Hence, appellants' first point has no merit.

Without intimating whether the order appealed from was good or bad in the absence of notice or knowledge of the restraining order, it is enough to say that the record is barren of evidence on the factual question involved. It contains a "Reporter's transcript of the hearing of the order to show cause", properly certified. But there is nothing in the transcript beyond a colloquy between the referee and counsel, resulting in no stipulation or concession in respect of the facts, and indeed not directed toward any such purpose.

532

In the interchanges two affidavits are referred to, one made by Clendenen and the other by a Mr. Davis on behalf of the trustee. The Clendenen affidavit is not in the record and its contents are not indicated. The other affidavit is, but it contains no more than a recital of the various steps taken by the trustee to effect the sale—nothing about the restraining order. Parenthetically, the affidavit discloses that the trustee was proceeding to post and publish notice of the sale at a time when the composition proceeding was still pending, hence presumably while the statutory restraint imposed by subsection (o) of § 75, 11 U.S.C.A. § 203(o), was in force. Also in the record is a formal answer of the trustee to the application for the show cause order, but the answer is ineffective as evidence, and, if it were not, it contains nothing on the point except an allegation that the restraining order had not been "served" on the trustee.

The order appealed from is supported by the presumption of regularity, and it is therefore

Affirmed.