**BERNARDS et al. v. JOHNSON.**

**No. 8855.**

Circuit Court of Appeals, Ninth Circuit.

May 2, 1939.

Martin J. Bernards, in pro. per., for appellants.

Bagley & Hare and George R. Bagley, all of Hillsboro, Or., and William L. Brewster, Platt & Black, and A. D. Platt, all of Portland, Or., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from two orders, both entered on May 10, 1938, in a proceeding under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The principal question is whether appellants, Martin J. Bernards and Lena Bernards (husband and wife), are entitled to possession of the 16 parcels of land hereinafter described.

Appellants commenced this proceeding on August 10, 1934, by filing a petition which stated that they derived their entire

income from farming operations; that said operations occurred in Washington County, Oregon; that appellants were unable to meet their debts as they matured; that they desired to effect a composition or extension under section 75 of the Bankruptcy Act; and that the schedules annexed to the petition contained a full and true statement of their debts and an accurate inventory of their property, real and personal. The petition prayed that it be approved by the court, and that proceedings be had in accordance with section 75.

The property listed in appellants' schedules included 16 parcels of land, numbered 1 to 16, inclusive, in Washington County, Oregon. Long prior to the filing of appellants' petition, parcel 15 had been mortgaged to appellee Catherine H. Collins; all the parcels, including parcel 15, had been mortgaged to appellee M. R. Johnson;[1] the Johnson mortgage, or some interest therein, had been assigned to appellee United States National Bank of Portland (hereafter called the bank); the debts secured by the mortgages had fallen due and were unpaid; suits to foreclose the mortgages had been commenced in a State court of Oregon, and a decree foreclosing the Johnson mortgage had been obtained by Johnson and the bank. Appellee Collins' foreclosure suit was still pending when the petition was filed.

The bankruptcy court, on August 10, 1934, approved the petition and referred the case to a conciliation commissioner. On December 19, 1934, appellants filed an amended petition, stating that they had failed to obtain the acceptance of a majority in number and amount of all creditors whose claims were affected by their composition or extension proposals, and asking to be adjudged bankrupts, pursuant to subsection (s) of § 75.[2] Thereupon, on December 19, 1934, appellants were so adjudged, and on December 20, 1934, the case was referred to a referee in bankruptcy.

On May 27, 1935, the Supreme Court in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, held that subsection (s), as it then existed, was unconstitutional. Thereafter, on June 29, 1935,

pursuant to the foreclosure decree previously mentioned, parcels 1 to 16, inclusive, were sold by the sheriff and purchased by Johnson and the bank.[3] Collins obtained a foreclosure decree on July 9, 1935, and, pursuant thereto, parcel 15 was sold by the sheriff and purchased by Collins on August 26, 1935. The sale to Johnson and the bank was confirmed on July 20, 1935. The sale to Collins was confirmed on September 16, 1935. Actual possession of the purchased property was obtained by the purchasers on February 1, 1936, and was at all times thereafter retained by them. The time within which appellants might have redeemed the property expired on June 29, 1936.[4] There was no redemption. The sheriff made and delivered his deed to Johnson and the bank on July 1, 1936, and to Collins on September 10, 1936.

On August 28, 1935, after both foreclosure sales had been made, subsection (s) was amended.[5] As amended, it was held constitutional. Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455. It provided:

" (s) Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal * * * may amend his petition * * * asking to be adjudged a bankrupt. Such farmer may, at the same time, or at the time of the first hearing, petition the court that all of his property, wherever located, whether pledged, encumbered, or unencumbered, be appraised, and that his unencumbered exemptions, and unencumbered interest or equity in his exemptions, as prescribed by State law, be set aside to him, and that he be allowed to retain possession, under the supervision and control of the court, of any part or parcel or all of the remainder of his property, including his encumbered exemptions, under the terms and conditions set forth in this section. Upon such a request being made, the referee * * * shall designate and appoint appraisers * * *. Such appraisers shall appraise all of the property of the debtor, wherever located, at its then fair and reasonable market value. * * *

---

[1] As to parcel 15, the Johnson mortgage was subsequent and inferior to the Collins mortgage.

[2] Frazier-Lemke Act of June 28, 1934, c. 869, 48 Stat. 1289, 11 U.S.C.A. § 203 (s).

[3] Subject, as to parcel 15, to the prior rights of appellee Collins.

[4] Oregon Code, 1930, § 3-505.

[5] Frazier-Lemke Act of August 28, 1935, c. 792, 49 Stat. 942, 943, 11 U.S.C.A. § 203(s).

"(1) After the value of the debtor's property shall have been fixed by the appraisal herein provided, the referee shall issue an order setting aside to such debtor his unencumbered exemptions, and his unencumbered interest or equity in his exemptions * * * and shall further order that the possession, under the supervision and control of the court, of any part or parcel or all of the remainder of the debtor's property shall remain in the debtor, as herein provided for, subject to all existing mortgages, liens, pledges, or encumbrances. All such existing mortgages, liens, pledges, or encumbrances shall remain in full force and effect, and the property covered by such mortgages, liens, pledges, or encumbrances shall be subject to the payment of the claims of the secured creditors, as their interests may appear. ·

"(2) When·the conditions set forth in this section have been complied with, the court shall stay all judicial or official proceedings in any court, or under the direction of any official, against the debtor or any of his property, for a period of three years. During such three years the debtor shall be permitted to retain possession of all or any part of his property, in the custody and under the supervision and control of the court, provided he pays a reasonable rental semiannually for that part of the property of which he retains possession. * * *

"(3) * * * If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act [title].

"(4) The conciliation commissioner * * * shall continue to act, and act as referee, when the farmer debtor amends his petition * * * asking to be adjudged a bankrupt under the provisions of [this] subsection (s) of section 75 of this Act, and continue so to act until the case has been finally disposed of. * * * ·*

"(5) This Act [title] shall be held to apply to all existing cases now pending in any Federal court, under this Act [title], as well as to future cases; and all cases that have been dismissed * * *· because of the Supreme Court decision holding the former subsection (s) unconstitutional, shall be promptly reinstated. * * * *"

This case had not·been dismissed, but was still pending when subsection (s) was amended.

On September 30, 1935, the order of reference dated December 20, 1934, was vacated and the case was again referred to a conciliation commissioner, who thereafter acted as referee, pursuant to paragraph (4), supra.

On July 15, 1936, after the period within which they might have redeemed the above described land had expired, appellants petitioned the commissioner for an order granting them immediate possession, control and management thereof. On August 8, 1936, the commissioner denied the petition and, pursuant to paragraph (3), supra, ordered the appointment of a trustee. Accordingly, at a meeting of appellants' creditors on August 29, 1936, appellee Joseph M. Loomis was elected by the creditors and appointed by the commissioner as trustee in · bankruptcy and, on September 3, 1936, gave bond· and qualified as such trustee. The commissioner's orders appointing Loomis as trustee and approving his bond were reviewed and, on December 14, 1936, were affirmed by the court. The court's order of December 14, 1936, was not appealed from. The time within which such an appeal might have been taken expired on January 13, 1937. Bankruptcy Act, § 24(c), as amended by Act May 27, 1926, § 9 (44 Stat. 664, 665).[6]

On January 4, 1937, appellants petitioned the commissioner to remove the trustee and to put appellants "into immediate possession of the whole of their estate." On January 11, 1937, the commissioner dismissed that petition, on the ground that the issues which it sought to raise had theretofore been determined adversely to appellants.

On January 15, 1937, appellants petitioned the court to reverse the commissioner's orders of August 8, 1936, August 29, 1936, September 3, 1936, and January 11, 1937. Answering the petition, appellees prayed that it be dismissed; Collins prayed that her title to parcel 15 be quieted; Johnson and the bank prayed that their title to parcel 16 and parcels 1 to 14, inclusive, be quieted; the trustee prayed that acts theretofore done by him be approved, and that

---

[6] With the amendment of June 22, 1938 (52 Stat. 854, 855, 11 U.S.C.A. § 47), we are not here concerned.

he be directed to pay the expenses of administering the bankrupt estate, and to distribute the money then remaining in his hands to creditors whose claims had been presented and allowed.

On April 13, 1938, appellants filed a reply to appellees' answers and filed a motion "to vacate and set aside all orders of [the] court, and of all the Referees and Conciliation Commissioners where it was sought to set aside or delay the carrying out any of the provisions of the Bankrupt Act particularly the provisions of section 75," meaning, evidently, the orders of August 8, 1936, August 29, 1936, September 3, 1936, December 14, 1936, and January 11, 1937.

On May 10, 1938, the court, after hearing the case, made and filed its findings of fact and thereupon entered (1) an order[7] dismissing appellants' petition of January 15, 1937, and granting appellees the relief prayed for in their answers, and (2) an order denying appellants' motion filed April 13, 1938. This appeal followed.

■ The orders appealed from are based on findings. The evidence on which the findings are based is not in the record. Therefore, we must and do accept the findings as correct. Bank of Eureka v. Partington, 9 Cir., 91 F.2d 587, 590; Bakersfield Abstract Co. v. Buckley, 9 Cir., 100 F.2d 530, 531.

■ The court found that the land in question was mortgaged, that the mortgages were foreclosed, and that foreclosure sales were made, as stated above, and that there had been no redemption. Consequently, since June 29, 1936, appellants have had no right, title or interest in or to the land, nor has the bankruptcy court had any jurisdiction thereof. Therefore, the court could not properly have granted appellants' petition of January 15, 1937, or their motion of April 13, 1938.

■ Appellants assume, erroneously, that the foreclosure sales were prohibited by subsection (*o*) of § 75, 11 U.S.C.A. § 203(*o*). The prohibition in subsection (*o*) applies only to a period "prior to the confirmation or other disposition of the composition or extension proposal," which period expires when the debtor is adjudged a bankrupt. Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875, 878. In this case, it expired on December 19, 1934. The "stay" provided for in subsection (s), as amended, is not an automatic stay, but is a judicial stay,[8] to be granted only upon compliance with specified conditions. Appellants never obtained, and—upon the facts found—were never entitled to, any such stay.

The court found that appellants "have made no attempt to comply with the conditions required of them by the 'Frazier-Lemke' amendment to the Acts of Congress in relation to bankruptcy, necessary to be complied with by them in order to obtain the right and privilege of a three years' stay of enforcement of the obligations owned and held by their creditors and possession of the real and personal property described in the schedules;" that appellants, "at the time of the filing of [their] petition, on December 19th, 1934, and at all times thereafter, have been in truth and in fact beyond all hope of financial rehabilitation;" and that "the only effect of further proceedings and delays on their behalf in this bankruptcy proceeding will be to postpone the inevitable liquidation of their financial affairs without benefit to them and resulting in great hardship to the creditors."

■■ Thus, in effect, the court found (1) that appellants did not comply with the provisions of § 75, and (2) that they were unable to refinance themselves within three years, or at all. Either of these facts would have warranted denial of the relief sought by appellants. Bankruptcy Act, § 75(s) (3), 11 U.S.C.A. § 203(s) (3); Wright v. Vinton Branch of Mountain Trust Bank, supra, 300 U.S. page 462, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Pearce v. Coller, 3 Cir., 92 F.2d 237, 238; Donald v. San Antonio Joint Stock Land Bank, 5 Cir., 100 F.2d 312, 314.

Orders affirmed.

HEALY, Circuit Judge, concurs in the result.

---

[7] This order was labeled "order and decree." It was, in effect, a decree in equity as well as an order in bankruptcy.

[8] Hardt v. Kirkpatrick, supra.