## ROSENBLUM v. ANGLIM.

### No. 10208.

Circuit Court of Appeals, Ninth Circuit.

May 10, 1943.

Samuel M. Samter and Richard S. Goldman, both of San Francisco, Cal., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Arthur Manella, and M. S. Price, Sp. Assts. to Atty. Gen., and Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Max Rosenblum, hereafter called decedent, died on August 3, 1936. Decedent was not a citizen or resident of or engaged in business in the United States, but left an estate part of which was situated therein. The estate included $157,848.55 which decedent had deposited with Daniel Hecht[1] of San Francisco, California. Appellant, Samuel Rosenblum, administrator of the estate, filed an estate tax return and paid an estate tax to appellee, Clifford C. Anglim, Collector of Internal Revenue for the First Collection District of California. In computing the value of that part of the estate which was situated in the United States, appellant did not include the $157,848.55. The Commissioner of Internal Revenue determined that it should have been included. He accordingly assessed an additional tax of $17,626.49, which appellant paid. His claim for a refund having been denied, appellant brought an action against appellee to recover the $17,626.49 as having been illegally collected. Appellee answered, trial was had, findings of fact and conclusions of law were made and filed, and judgment was entered in appellee's favor. 43 F.

---

[1] Doing business as D. Hecht & Company.

Supp. 889. From that judgment this appeal is prosecuted.

The applicable statute is the Revenue Act of 1926. By § 301(a) of the Act, 26 U.S.C.A. Int.Rev.Acts, page 225, a tax equal to the sum of specified percentages of the value of the net estate is imposed upon the transfer of the net estate of every decedent dying after the enactment of the Act, whether a resident or nonresident of the United States. Section 303(b) of the Act [2] provides that, for the purpose of the tax, the value of the net estate shall be determined, in the case of a nonresident not a citizen of the United States, by deducting specified amounts from that part of his estate which at the time of his death is situated in the United States. Section 303(e) of the Act [3] provides that "any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death, shall not, for the purpose of this title [§§ 300–325] be deemed property within the United States."

■ That decedent was a nonresident not a citizen of the United States and was not engaged in business in the United States at the time of his death was and is conceded. Appellant alleged that Hecht was a person carrying on the banking business, and that therefore the $157,848.55 which decedent had deposited with Hecht should not be deemed property within the United States. Appellee denied these allegations. Evidence was received at the trial, but was not made a part of the record on appeal. Therefore the trial court's findings of fact must be accepted by us as correct. The facts found were these:

In 1931 decedent withdrew from a bank in New York approximately $112,000 and deposited it with Hecht. Hecht agreed to pay interest on this and other deposits which decedent might make with him at a rate one-fourth of 1% less than the interest rate current among San Francisco banks. Decedent made other deposits with Hecht and made withdrawals by numbered drafts which were paid on presentation. Hecht rendered semiannual statements showing decedent's deposits and withdrawals and showing interest allowed decedent. Such a statement was rendered to appellant shortly after decedent's death and showed $157,848.55 due and owing to decedent. This sum was paid by Hecht to appellant. By the terms of his agreement with Hecht, decedent could have drawn the whole sum at any time. Money was the only thing deposited with Hecht by decedent. Deceden kept a record of his deposits with Hecht in a book wherein the only other entries were records of deposits in banking institutions. Decedent was a distant cousin of Hecht and was Hecht's only depositor. Hecht's business was that of importing and exporting He had no license to do a banking business and did not hold himself out to the public as a banker.

■ These facts do not warrant, much less require, a holding that Hecht was a person carrying on the banking business. It is true that the business of receiving deposits is a branch of the banking business. Bank for Savings v. Collector, 3 Wall. 495 508-514, 18 L.Ed. 207; Oulton v. Savings Institution, 17 Wall. 109, 116-123, 21 L.Ed. 618; Warren v. Shook, 97 U.S. 704, 710, 23 L.Ed. 421; Mercantile Bank v. New York, 121 U.S. 138, 156, 7 S.Ct. 826, 30 L.Ed. 895; Auten v. United States National Bank, 174 U.S. 125, 141, 142, 19 S. Ct. 628, 43 L.Ed. 920. Thus a person carrying on the business of receiving deposits may be said to be carrying on the banking business. The court, however, did not find that Hecht carried on the business of receiving deposits. It merely found that he agreed to and did receive deposits from one individual, namely, decedent. This did not constitute a carrying on of business. Cf. Cooper Mfg Co. v. Ferguson, 113 U.S. 727, 732-735, 5 S.Ct. 739, 28 L.Ed. 1137; Ammons v. Brunswick-Balke-Collender Co., 8 Cir., 141 F. 570, 575-577; Lewellyn v. Pittsburgh, B. & E. R. Co., 3 Cir., 222 F. 177, 185.

■ We conclude, as did the court below, that Hecht was not a person carrying on the banking business, and that therefore the $157,848.55 which decedent had deposited with Hecht was property within the United States.

Judgment affirmed.

[2] As amended by § 403(b) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 236.

[3] As amended by § 403(d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 240.