Lester JERNIGAN, Appellant,

v.

The SOUTHERN PACIFIC COMPANY, a Delaware Corporation, Appellee.

No. 14416.

United States Court of Appeals
Ninth Circuit.

April 15, 1955.

Rehearing Denied June 15, 1955.

---

Frank E. Flynn, A. E. Farone, Phoenix, Ariz., for appellant.

Evans, Hull, Kitchel & Jenckes, Ralph J. Lester, Phoenix, Ariz., for appellee.

Before STEPHENS and FEE, Circuit Judges, and WIIG, District Judge.

STEPHENS, Circuit Judge.

The plaintiff, Lester Jernigan, instituted this action in the Superior Court of Maricopa County, Arizona, seeking damages for injuries incurred when the automobile in which he was a passenger collided with a box-car which defendant had left standing on a grade crossing. At the request of the defendant, a Delaware corporation, the case was removed to the United States District Court on the basis of diversity of citizenship. At the close of all the evidence the court reserved decision on a motion for a directed verdict made by the defendant, and submitted the case to the jury. Subsequently the jury, being unable to reach a verdict, was discharged. Defendant then moved the court for judgment in accordance with his motion for a directed verdict, and the court granted the motion and ordered judgment for defendant. The procedure was in exact compliance with Rule 50(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.[1] The plaintiff appeals

---

1. "(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set side and to have judgment entered in accordance with his motion for a directed

The evidence in the case is not included in the record here. In granting the motion, the court made certain comments, the transcription of which were found by the court to be incorrect in several particulars and the court corrected them. The correction of the transcript was brought about as follows: Appellee's counsel wrote a letter to the trial judge setting out what he believed to be errors as to the court's comments. The trial judge agreed and wrote a letter to the clerk of the court instructing him to correct the record in accord therewith, and this was done. The pertinent comments are as follows, with the errors in the original transcript italicized, and the corrections placed in brackets:

> verdict; *or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."* Rule 50(b) F.R.C.P., Title 28 U.S.C.A.

The power of the federal courts to set aside a verdict and enter contrary judgment has not gone unchallenged. Thus, in Slocum v. New York Life Ins. Co., 1913, 228 U.S. 364, 33 S.Ct. 523, 57 L. Ed. 879, it was held the action of the circuit court in reversing a judgment founded on a verdict and directing a contrary judgment be entered, was violative of the guarantee of the Seventh Amendment of factual determination by jury in civil cases where the value in controversy exceeds twenty dollars.

In Baltimore & Carolina Line v. Redman, 1935, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, the Supreme Court distinguished between cases where prior to the verdict the trial court expressly reserved decision on the question of the sufficiency of the evidence, and cases such as Slocum in which no such reservation was made, it being held in the former that the Seventh Amendment did not forbid entry of judgment notwithstanding a verdict. The scope of the Redman case was sub-

"The Court: I don't suppose either of you will agree with the view I take of the case, which is that the *approximate* [proximate] cause of the accident was the concurrent negligence of the Plaintiff and of the Driver.[2]

"While at the trial I didn't feel that the negligence of the driver should be imputed to the Plaintiff; nevertheless I feel the *recurring* [concurring] negligence of the Plaintiff forbids his being entitled to recovery.

"You gentlemen may think I am going in disregard of the Arizona Constitutional provision about con-

sequently limited in Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177.

In the above cases the courts were applying the applicable rules of procedure of the state in which they sat. Rule 50 (b) *was initiated in an effort to terminate the resulting confusion and to insure regularity, regardless of the locus of the forum in federal treatment of motions for directed verdicts and judgment notwithstanding the verdict.*

Under this rule, whenever a motion for a directed verdict is denied or is not granted, the court is automatically deemed to have submitted the case to the jury reserving determination of the legal questions raised by the motion. The practical result is to obviate the necessity for a formal reservation of ruling by the trial court. The provisions of this rule were held constitutional in Berry v. United States, 1940, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945. For a further discussion of this subject, see Galloway v. United States, 1943, 319 U.S. 372, 394, 63 S.Ct. 1077, 87 L.Ed. 1458; Johnson v. New York, New Haven & Hartford R. Co., 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77; Moore's Federal Practice (2d ed.) § 38.08 p. 83, § 50.11 p. 2333; 2 Federal Practice and Procedure (Rules ed.) Barron and Holtzoff, § 1077, p. 772.

See our case, Guerrero v. American-Hawaiian S.S. Co., 9 Cir., 1955, 222 F.2d 238.

2. At the time of the accident, plaintiff was a passenger in an automobile owned by him, but driven by another.

248

tributory negligence. That is not the way I look at it. I am thinking in terms of causation as to which the Arizona Constitution did not speak.

"I think the accident was caused by the Plaintiff and [the] *Defendant* [driver]. And therefore the Plaintiff is not entitled to recovery and the motion is well taken and judgment will be entered in accordance therewith." (Record on Appeal, pp. 30, 31.)

Appellant contends that the order was predicated upon the existence of contributory negligence inasmuch as it appeared by the original uncorrected transcript that the court attributed the accident to plaintiff and defendant. If this be so, there is firm basis for the point urged by appellant that the order was made in contravention of the Constitution of the State of Arizona, Section 5, Article 18, of which provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

■ Appellant objects to the method used in correcting the errors in the transcript and requests us to consider the case on the transcript made by the reporter. The method of correction used was informal and is not to be commended. Yet the corrections, being clerical, were well within the court's power.[3]

■ Considering the transcript of the court's statements in its corrected form, it is immediately apparent that, contrary to appellant's contention, the disputed order was not founded on the existence of contributory negligence in violation of the Constitution of the State of Arizona. Clearly the basis of the order was the determination by the court, as a matter of law,[4] that no negligence attributable to defendant had been shown.

■ The courts of Arizona have repeatedly held that where, as here, the evidence adduced by the plaintiff is insufficient when viewed in its strongest light, to support a verdict, a case of no negligence rather than of contributory negligence is presented, and the court should properly direct a verdict for the defendant.[5] Nor can we question the sufficiency of the evidence which resulted in the order below. Since the burden of showing grounds on which a judgment should be reversed rests upon the appellant,[6] and the evidence not being here,

3. Rule 60, Federal Rules of Civil Procedure, Title 28 U.S.C.A.:
"(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party * * *."
See, also, West Virginia Oil & Gas Co. v. George E. Breece Lumber Co., Inc., 5 Cir., 1954, 213 F.2d 702, 704 et seq.; McGinn v. United States, D.C.1942, 2 F.R.D. 562, 564.

4. Whether the evidence is sufficient is a question of law to be resolved by the court. Baltimore & Carolina Line v. Redman, 1935, 295 U.S. 654, 659, 55 S. Ct. 890; Pennsylvania R. Co. v. Chamberlain, 1933, 288 U.S. 333, 343, 53 S.Ct. 391, 77 L.Ed. 819; Gunning v. Cooley, 1930, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L. Ed. 720.

5. Thus, in Atchison T. & S. F. Ry. Co. v. Renfroe, 1954, 77 Ariz. 28, 266 P.2d 745,

·749, the court in instructing entry of judgment for defendant, stated:
"It was not a case of approaching an intersection without adequate signals and causing a collision by entering therein when it's too late for the autoist to avoid injury at whatever speed he may be driving. *It was not a case of contributory negligence. It was a case of no negligence* on the part of the defendant * * *." [Emphasis added.]
See: Cope v. Southern Pacific Co., 1947, 66 Ariz. 197, 185 P.2d 772; Doty v. Southern Pacific Co., 1942, 59 Ariz. 449, 129 P.2d 991; Southern Pacific Co. v. Fisher, 1929, 35 Ariz. 87, 274 P. 779; Arizona Binghampton Copper Co. v. Dickson, 1921, 22 Ariz. 163, 195 P. 538, 44 A.L.R. 881.
See, also, Sisson v. Southern R. Co., 1933, 62 App.D.C. 356, 68 F.2d 403.

6. Danaher v. United States, 8 Cir., 1950, 184 F.2d 673.
As trenchantly stated by the 7th circuit in In re Chapman Coal Co., 7 Cir., 1952, 196 F.2d 779, 785:

the appropriateness and validity of the evidence to support the order and the judgment cannot now be questioned.

Affirmed.

Hartigan, Circuit Judge, dissented.

"Where, as in this case, there has been a hearing in the District Court in which the parties have participated by their attorneys, where evidence has been heard, and where the District Court has entered an order which would be justified by evidence which might have been adduced or agreements which might have been made between the parties in such hearing, the burden is upon the party appealing from such an order to include in the record on appeal a proper transcript of the hearing to show that there was no such evidence or agreement. All possible presumptions are indulged to sustain the action of the trial court. It is, therefore, elementary that an appellant seeking reversal of an order entered by the trial court must furnish to the appellate court a sufficient record to positively show the alleged error. Turner Glass Corp. v. Hartford-Empire Co., 7 Cir., 173 F.2d 49, 51; Royal Petroleum Corp. v. Smith, 2 Cir., 127 F.2d 841, 843; 12 Cyclopedia of Federal Procedure, 2d Ed. 1944, § 6208, p. 224 et seq."

See: Rule 52, Federal Rules of Civil Procedure, Title 28 U.S.C.A., as amended Dec. 27, 1946, effective Mar. 19, 1948; Keneipp v. United States, 1953, 92 U.S. App.D.C. 187, 203 F.2d 397, 398; Rosenblum v. Anglim, 9 Cir., 1943, 135 F.2d 512, 513; In re Wilton-Maxfield Management Co., 9 Cir., 1941, 117 F.2d 913, 914; Bernards v. Johnson, 9 Cir., 1939, 103 F.2d 567, 571; Bakersfield Abstract Co. v. Buckley, 9 Cir., 1938, 100 F.2d 530, 531 et seq.; Hawke v. Servicised Products Corp., 6 Cir., 1938, 95 F.2d 710; Hardt v. Kirkpatrick, 9 Cir., 1937, 91 F.2d 875, 877 et seq.; Spracklen v. Atchison T. & S. F. R. Co., 9 Cir., 1925, 7 F.2d 468, 469; Williamson v. Richardson, 9 Cir., 1913, 205 F. 245, 246 et seq.