## BALTIMORE & CAROLINA LINE, INC. *v.* REDMAN.

No. 178. Argued December 6, 1934.—Decided June 3, 1935.

*Mr. George Whitefield Betts, Jr.,* with whom *Mr. William R. Meagher* was on the brief, for petitioner.

*Mr. Martin A. Schenck,* with whom *Mr. Frederick R. Graves* was on the brief, for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

This was an action in a federal court in New York to recover damages for personal injuries allegedly sustained by the plaintiff through the defendant's negligence. The issues were tried before the court and a jury. At the conclusion of the evidence the defendant moved for a dismissal of the complaint because the evidence was insufficient to support a verdict for the plaintiff, and also moved for a directed verdict in its favor on the same ground. The court reserved its decision on both motions, submitted the case to the jury subject to its opinion on the questions reserved, and received from the jury a verdict for the plaintiff. No objection was made to the reservation or this mode of proceeding. Thereafter the court held the evidence sufficient and the motions ill-grounded, and accordingly entered a judgment for the plaintiff on the verdict.

The defendant appealed to the Circuit Court of Appeals, which held the evidence insufficient and reversed the judgment with a direction for a new trial.[1] The defendant urged that the direction be for a dismissal of the complaint. But the court of appeals ruled that under our decision in *Slocum* v. *New York Life Insurance Co.*[2] the direction must be for a new trial. We granted a petition by the defendant for certiorari because of the last ruling and at the same time denied a petition by the plaintiff challenging the ruling on the insufficiency of the evidence.[3]

The Seventh Amendment to the Constitution prescribes:

" In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury

[1] 70 F. (2d) 635.
[2] 228 U. S. 364.
[3] 293 U. S. 541, 577.

shall be preserved, and no fact tried by a jury shall be otherwise reëxamined in any court of the United States, than according to the rules of the common law."

The right of trial by jury thus preserved is the right which existed under the English common law when the Amendment was adopted. The Amendment not only preserves that right but discloses a studied purpose to protect it from indirect impairment through possible enlargements of the power of reëxamination existing under the common law, and to that end declares that " no fact tried by a jury shall be otherwise reëxamined in any court of the United States than according to the rules of the common law."

The aim of the Amendment, as this Court has held, is to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure, and particularly to retain the common-law distinction between the province of the court and that of the jury, whereby, in the absence of express or implied consent to the contrary, issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court.[4]

In *Slocum* v. *New York Life Insurance Co.* a jury trial in a federal court resulted in a general verdict for the plaintiff over the defendant's request that a verdict for it be directed. Judgment was entered on the verdict for the plaintiff and the defendant obtained a review in the court of appeals. That court examined the evidence, concluded that it was insufficient to support the verdict, and on that basis reversed the judgment given to the plaintiff on the verdict, and directed that judgment be entered for the defendant. A writ of certiorari then brought the case here. The question presented to us was whether, in the

---

[4] *Walker* v. *New Mexico & So. Pac. R. Co.*, 165 U. S. 593, 596; *Gasoline Products Co.* v. *Champlin Refining Co.*, 283 U. S. 494, 497–499; *Dimick* v. *Schiedt*, 293 U. S. 474, 476, 485–486.

situation disclosed, the direction for a judgment for the defendant was an infraction of the Seventh Amendment. We held it was and that the direction should be for a new trial.

It therefore is important to have in mind the situation to which our ruling applied. In that case the defendant's request for a directed verdict was denied without any reservation of the question of the sufficiency of the evidence or of any other matter; and the verdict for the plaintiff was taken unconditionally, and not subject to the court's opinion on the sufficiency of the evidence. A statute of the State wherein the case was tried made provision for reserving questions of law arising on a request for a directed verdict, but no reservation was made. The same statute also provided that where a request for a directed verdict was denied the party making the request could have the evidence made part of the record and that, where this was done, the trial court, as also the appellate court, should be under a duty " to enter such judgment as shall be warranted by the evidence." It was in conformity with this part of the statute that the court of appeals directed a judgment for the defendant.

We recognized that the state statute was applicable to trials in the federal courts in so far as its application would not effect an infraction of the Seventh Amendment, but held that there had been an infraction in that case in that under the pertinent rules of the common law the court of appeals could set aside the verdict for error of law, such as the trial court's ruling respecting the sufficiency of the evidence, and direct a new trial, but could not itself determine the issues of fact and direct a judgment for the defendant, for this would cut off the plaintiff's unwaived right to have the issues of fact determined by a jury.

A very different situation is disclosed in the present case. The trial court expressly reserved its ruling on the

defendant's motions to dismiss and for a directed verdict, both of which were based on the asserted insufficiency of the evidence to support a verdict for the plaintiff. Whether the evidence was sufficient or otherwise was a question of law to be resolved by the court. The verdict for the plaintiff was taken pending the court's rulings on the motions and subject to those rulings. No objection was made to the reservation or this mode of proceeding, and they must be regarded as having the tacit consent of the parties. After the verdict was given the court considered the motions pursuant to the reservation, held the evidence sufficient, and denied the motions.

The court of appeals held that the evidence was insufficient to support the verdict for the plaintiff; that the defendant's motion for a directed verdict was accordingly well taken; and therefore that the judgment for the plaintiff should be reversed. Thus far we think its decision was right. The remaining question relates to the direction which properly should be included in the judgment of reversal.

At common law there was a well established practice of reserving questions of law arising during trials by jury and of taking verdicts subject to the ultimate ruling on the questions reserved; and under this practice the reservation carried with it authority to make such ultimate disposition of the case as might be made essential by the ruling under the reservation, such as non-suiting the plaintiff where he had obtained a verdict, entering a verdict or judgment for one party where the jury had given a verdict to the other, or making other essential adjustments.[5]

---

[5] In *Carleton* v. *Griffin*, (1758) 1 Burrow's Rep. 549, a verdict for plaintiff was taken subject to the court's opinion on questions of law, which later on were ruled in favor of defendant, whereupon a judgment for him was directed. Other early cases similarly recognized and applied the practice. *Coppendale* v. *Bridgen*, (1759) 2 Burrow's

Fragmentary references to the origin and basis of the practice indicate that it came to be supported on the theory that it gave better opportunity for considered rulings, made new trials less frequent, and commanded such general approval that parties litigant assented to its application as a matter of course. But whatever may have been its origin or theoretical basis, it undoubtedly was well established when the Seventh Amendment was adopted, and therefore must be regarded as a part of the common-law rules to which resort must be had in testing and measuring the right of trial by jury as preserved and protected by that Amendment.

This Court has distinctly recognized that a federal court may take a verdict subject to the opinion of the court on a question of law,[6] and in one case where a verdict for the

Rep. 814; *Bird* v. *Randall,* (1762) 3 Burrow's Rep. 1345; *Price* v. *Neal,* (1762) 3 Burrow's Rep. 1354; *Basset* v. *Thomas,* (1763) 3 Burrow's Rep. 1441; *Timmins* v. *Rowlinson,* (1765) 3 Burrow's Rep. 1603.

Law writers also have recognized it. 2 Tidd's Practice, (4th Am. ed.) 900; Tidd's Practice, (London, 1837 ed.) 538, 539; Starkie on Evidence, (10th Am. ed.) *809; 1 Archbold's King's Bench Practice, 188, 192; Thayer's Treatise on Evidence, 241.

Later English decisions not only show the practice but also illustrate various applications of it. In *Treacher* v. *Hinton,* (1821) 4 Barn. & Ald. 413, plaintiff was non-suited with liberty to move to enter verdict in his favor, and on his motion such a verdict was ordered entered as if given by the jury. In *Jewell* v. *Parr,* (1853) 13 C. B. 909, a verdict was directed for defendant with leave to plaintiff to move to enter verdict for him if the court should be of opinion there was not sufficient evidence to sustain the verdict for defendant; and on such a motion the court held the evidence insufficient and directed entry of verdict for plaintiff. In *Ryder* v. *Wombwell,* (1868) L. R. 4 Exch. Cas. 32, a verdict was taken for plaintiff with leave to defendant to move to enter non-suit if the court should be of opinion there was lack of evidence; and on such a motion the evidence was held insufficient and non-suit entered.

[6] *Brent* v. *Chapman,* 5 Cranch 358; *Chinoweth* v. *Haskell's Lessee,* 3 Pet. 92, 94, 96, 98; *Suydam* v. *Williamson,* 20 How. 427, 434.

plaintiff was thus taken has reversed the judgment given on the verdict and directed a judgment for the defendant.[7]

Some of the States have statutes embodying the chief features of the common-law practice which we have described. The State of New York, in which the trial was had, has such a statute; and the trial court, in reserving its decision on the motions which presented the question of the sufficiency of the evidence, and in taking the verdict of the jury subject to its opinion on that question, conformed to that statute and the practice under it as approved by the Court of Appeals of the State.[8]

In view of the common-law practice and the related state statute, we reach the conclusion that the judgment of reversal for the error in denying the motions should embody a direction for a judgment of dismissal on the merits, and not for a new trial. Such a judgment of dismissal will be the equivalent of a judgment for the defendant on a verdict directed in its favor.

The court of appeals regarded the decision in *Slocum* v. *New York Life Insurance Co.* as requiring that the direction be for a new trial. We already have pointed out the differences between that case and this. But it is true that some parts of the opinion in that case give color to the interpretation put on it by the court of appeals. In this they go beyond the case then under consideration and are not controlling. Not only so, but they must be regarded as qualified by what is said in this opinion.

It results that the judgment of the court of appeals should be modified by substituting a direction for a judgment of dismissal on the merits in place of the direction for a new trial, and, as so modified, should be affirmed.

*Judgment modified and affirmed as modified.*

---

[7] *Chinoweth* v. *Haskell's Lessee, supra.*

[8] New York Civil Practice Act, §§ 459, 461; *Bail* v. *New York, N. H. & H. R. Co.*, 201 N. Y. 355; 94 N. E. 863; *Dougherty* v. *Salt*, 227 N. Y. 200, 203; 125 N. E. 94.