**BERGER v. CALLANDER et al.**

No. 5896.

Circuit Court of Appeals, Third Circuit.

Jan. 28, 1936.

George B. Berger, of Pittsburgh, Pa., for appellant.

John S. Wendt and Wendt & Graver, all of Pittsburgh, Pa., for appellees.

Robert W. Eiler, of Pittsburgh, Pa., amicus curiæ.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the receivers of General Products Corporation brought suit against A. B. Berger on a written subscription made by defendant and his associates with the plaintiff. The case was tried and resulted in a verdict for plaintiff. On entry of judgment thereon, defendant took this appeal. There is no dispute as to the facts pertinent to the underlying and decisive question here involved.

The plaintiff company was chartered June 27, 1930, and on July 22, 1930, defendant and his associates subscribed for the stock in question by the written agreement hereafter referred to. The subscription paper, while it purported to be drawn before the incorporation of plaintiff, was in fact signed by defendant and his fellows after such incorporation. It provided: "It is expressly understood and agreed that this agreement shall not be enforceable unless and until the following conditions shall have been fulfilled." One condition was that a test of the new product plaintiff was incorporated to make was made "to determine whether the products of the corporation can be sold on a successful basis," and the test was to be made by a board of directors which shall be composed, inter alia, "of three members to be selected by the subscribers," and such board "shall have determined that such test is successful and that the products of the corporation can be sold on a successful basis." In point of fact, no such board was ever constituted, and the defendant and his cosignors did

not have their three representatives on the plaintiff's board.

The trial court, influenced by numerous decisions in cases where the subscriptions were made before a company was organized, held that this was also the law where subscriptions were made by agreement with the corporation after it was organized. But such is not the law. The subscription contract of the subscriber, made after incorporation, stands on a different basis. The fact and reason of such difference is stated in Caley v. Philadelphia & Chester County R. Co., 80 Pa. 363, where it is said: "Where one subscribes to the stock of a public corporation prior to the procurement of its charter, such subscription is to be regarded as absolute and unqualified, and any condition attached thereto is void. Bedford Railroad Co. v. Bowser, 12 Wright [48 Pa.] 29. The reason for this rule is obvious; the commissioners, who are appointed to receive such subscriptions, are not the accredited agents of the corporation, for it is not yet in being, but are rather the agents of the public, acting under limited and definite powers, which every one is bound to know, and if he be misled by representations which such agents have no right to make, it is his own folly. Any other rule would lead to the procurement from the Commonwealth of valuable charters without any absolute capital for their support, and thus give rise to a system of speculation and fraud which would be intolerable. When, however, the company is once organized, a different order prevails. Such a company may receive conditional subscriptions for its stock, and, when it does so do, it is bound to the performance of the conditions therein contained: Pittsburgh & C. Railroad Co. v. Stewart, 5 Wright [41 Pa.] 54; Philadelphia & W. C. Railroad Co. v. Hickman, 4 Casey [28 Pa.] 318."

To the same effect are numerous subsequent Pennsylvania decisions. When, therefore, the court below held, "The clause in the subscription agreement undertaking to control the method of constituting a directorship in a different way than provided for by the Statutes of Pennsylvania we believe is ineffective," it failed to recognize that the question is not whether the defendant and his associates could force the plaintiffs to constitute the board stipulated in the condition. Of course, they could not, but all the same, by their stipulation, the defendant and his associates made an offer of subscription to the stock of the plaintiffs, provided it made a test by a board of directors of which three were selected by defendant and his associates. There was nothing illegal in such offer. It left the plaintiffs free to choose its board, but provided that until plaintiff did have such a board and until that directorate status existed, "this agreement shall not be enforceable." As we have said, this is not a case where a subscriber is seeking to impose limitation on a corporation's actions, but is a case where the corporation is seeking to collect on a conditional subscription and is repudiating the vital agreement which induced the making of the subscription. Honesty and fair dealing compel the plaintiff to perform the conditions if it seeks to enforce the contract.

So holding, it follows the case must be reversed, with directions to enter a judgment for defendant n. o. v. Baltimore & C. Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636.