**WOLFE v. PENNSYLVANIA R. CO.**

No. 179.

Circuit Court of Appeals, Second Circuit.

March 2, 1936.

Burlingham, Veeder, Clark & Hupper, of New York City (Ray Rood Allen, of New York City, of counsel), for appellant.

Jacob Klein, of New York City (Gazan & Caldwell, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff was a brakeman who for many years had been engaged in switching cars in the yards of the Pennsylvania Railroad at Renova, Pa. There was an overhead bridge crossing the tracks at that place, and telltales were not installed in front of the bridge to warn employees riding on the top of freight cars of the presence of the bridge. On February 27, 1934, the plaintiff was engaged in riding on top of a freight car which was to pass under the bridge. He was a man about 6 feet tall and if he stood erect when passing under the bridge the clearance was 7 inches short. He saw the bridge when 500 feet away, and when within 200 feet of it, realized that the car on which he was standing was higher than the cars on which he was accustomed to ride. Though he stooped down as he got close to the bridge, he did not do so sufficiently to avoid striking his head. It was to recover damages for the injuries caused by the impact that the present action was brought which resulted in a verdict for $10,000 upon which judgment was entered.

The plaintiff testified that when riding freight cars, he had passed under the bridge many times before and had found ample clearance. He said that when approaching the bridge this time he realized that the car on which he rode was somewhat higher than those on which he had ridden on other occasions. According to his measurements it was in fact 14 feet, 8 inches high; whereas those he had ridden before were not over 12 feet. He knew that there had never been any telltales near the spot and the bridge was directly before him and in plain sight as his car approached it. When at a distance of 200 feet he realized that the bridge was low and gave the engineer a slow down signal because the car, running from 10 to 12 miles an hour, was swaying and he wished to go to the end of the car and down the ladder. There being no response to his signal, he started toward the end of the car. He did this because he was aware of the short clearance and also because he was intending in any event to go to the yard office. When he got about 4 feet from the end of the car he realized that he could not reach the ladder and therefore stooped, but not low enough to avoid striking the bridge. He was about 80 to 100 feet away from the bridge at the time he stooped.

The defendant pleaded assumption of risk as a defense and asked that a verdict be directed in its favor. While the plaintiff admits that he knew when 200 feet away that he was coming to a low bridge, he relies on the theory that he was confronted with a sudden emergency and should not be barred from recovery because he chose to make for the ladder as a means of escape and, when he could not do this, failed in extremis to stoop low enough. It is undisputed, however, that when 200 feet away he was aware of danger. Under such circumstances, there could be no excuse for his failing to take the natural and simple measure of stooping so that he would not be hit by the bridge, while keeping his eye on it so as to accomplish this manoeuvre. If he chose to go over to the ladder in order to descend to the station, he still should have kept the bridge in mind and when he found there was not time to reach the ladder should have stooped with care and accuracy enough to avoid the danger. If there was an emergency it was of his own making because it was created by his attempt to reach the ladder instead of stooping at once. To take the chance of going over to the ladder, instead of stooping to avoid the bridge in the simple and obvious way, involved the clearest assumption of risk. In going over to the ladder he took the chance

of getting into a position where there might not be time enough to stoop sufficiently to avert danger. For a brakeman experienced in riding cars in a freight yard to see a bridge which he knew to be dangerous, and to take no sensible measures to keep from being hit, indicates an "assumption of. risk," if such a legal relation is to be regarded as ever existing. It is argued that the absence of telltales lulled this employee into a false sense of security. But we think that the absence of telltales had no connection with the accident, for the plaintiff, when 200 feet from the bridge, was aware of danger and took no prudent step to avoid it. Under the circumstances we think that assumption of risk was established and that the trial court ought to have directed a verdict for the defendant.

█ It is argued that we should direct the complaint to be dismissed under the rule laid down by the Supreme Court in Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, but a new trial may only be avoided and final judgment rendered "non obstante veredicto" where a motion to direct a verdict has been reserved and the verdict is taken subject to the reservation. In other situations the rule in Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, is still the law in the federal courts.

Judgment reversed.