## CONOCO OIL CO. v. UNION OIL CO.
### No. 6898.

Circuit Court of Appeals, Sixth Circuit.
April 8, 1936.

Clan Crawford, of Cleveland, Ohio, and W. A. Wade, of Chicago, Ill. (Winston, Strawn & Shaw, of Chicago, Ill., and Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellant.

Harold K. Bell, of Cleveland, Ohio (Cannon, Spieth, Taggart, Spring & Annat, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is a suit for damages for breach of two contracts executed September 29, 1932—one for the sale by appellant to appellee of 6,000,000 gallons of Conoco gasoline and 1,000,000 gallons of Blue Conoco gasoline; the other for the sale of 25,000 gallons of germ process oil. The case was tried by the court without a jury. At the conclusion of the evidence, the appellant, charged with the breach, moved for judgment in its behalf. The court overruled the motion and made findings of fact on which it rendered judgment for appellee in the sum of $6,080 for breach of the gasoline contract and for $1 for breach of the oil contract. The only question presented to us for review is whether the court erred in refusing to enter judgment for appellant.

The gasoline contract provided for shipment and delivery of the Conoco gasoline in quantities of 500,000 gallons a month and the Blue Conoco gasoline in quantities of 88,000 gallons. It further provided that appellee should furnish appellant "shipping instructions not less than five days prior to date of shipment," and that the failure of the appellee to order and accept the quantity called for in any installment period, except under circumstances not here material, should constitute a breach of the contract, entitling the appellant to cancel it. The contract was partially carried out until November 4, 1932, at which time it was abandoned. On January 5, 1933, the parties agreed to waive past default in performance and to reinstate the contract. On January 9 the ap-

pellee ordered a tank car of Conoco gasoline daily for the balance of January, together with nine cars of Blue Conoco, all of which were shipped by the appellant and accepted and paid for by the appellee. On January 28 the appellee ordered for February deliveries thirty-four cars of Conoco gasoline and four cars of Blue Conoco, a total of 304,000 gallons, which it was ready and able to pay for. On January 31 the appellant notified the appellee that it would not fill the order, and canceled the contract, giving as its reasons therefor that the appellee had failed to order the contractual quantities for October, November, and December of 1932 and January of 1933. The trial court held that this act of the appellant was a breach of the contract, rendering the judgment for damages thereon.

The court found that the appellee was ready, able, and willing to pay for the gasoline ordered on January 28 for February deliveries, but was not ready, able, or willing thereafter to take and pay for the contract quantities. Upon this basis is limited the award to damages sustained by the appellee on account of the refusal of appellant to make the February shipments. We do not view the refusal of the appellant to fill the order for February shipments as constituting a breach of the contract. The appellee was obligated under the contract to take 500,000 gallons a month until the 6,000,000 gallons had been taken and paid for. The appellant had the right to cancel the contract upon the appellee's failure to order and accept this quantity in any one month. There were breaches of the contract by the appellee in failing to order the required quantities for October, November, and December, but these breaches were waived by appellant in the new agreement of January 5, at which time the contract was reinstated with all of its conditions, including the obligation on the part of the appellee "to take out and accept" the required monthly quantities. On January 9 the appellee placed its order for the rest of that month for a quantity less than might be deemed to be apportionable to that period. On January 28 it ordered 304,000 gallons for the month of February, a much less quantity than it was required to order under the contract. This order was evidently intended to be the complete order for the month. The appellee does not claim that it expected to make other orders, bringing the quantity up to the required number of gallons, or that appellant treated the order as one for the full month when it should not have been so treated. Being the complete order for the month, the contract was then breached by the appellee, and the appellant had the right to cancel it upon written notice. This right it exercised January 31.

The suit is for breach of a contract, a contract for the shipment of 500,000 gallons of gasoline a month, not for thirty-four cars of Conoco and four cars of Blue Conoco gasoline for the month of February. There was no contract, express or implied, by which the appellant agreed to fill orders for smaller quantities for any month than 500,000 gallons. The failure of appellee to order the contract quantity for February was a breach of the contract. The appellant did not breach it, but exercised its right to cancel for appellee's breach. The appellee contends that appellant waived the right to cancel for the breach in the February order by accepting the order of January 9 for less than the required quantity for the month of January, and by not notifying the appellee at that time of its purpose to cancel the contract. We think there was neither waiver nor estoppel. Czarnikow-Rionda Co. v. West Market Grocery Co., 21 F.(2d) 309, 312 (C.C.A.2); Restatement of the Law of Contracts, c. 10, § 300. The appellee knew the terms of the contract as well as the appellant. It knew that it had broken the contract in its orders for January and that the appellant had the right of cancellation on the completion of the breach. That right the appellant exercised on January 31, the last day of the month, when there was no doubt of the completion of the breach. Appellee also knew that it was breaking the contract in limiting its orders for February to thirty-eight cars. Its failure to order the required quantity for that month was of itself enough to justify the appellant in exercising its right of cancellation. This right the appellant neither waived nor was estopped from asserting by reason of its failure to exercise the same right with reference to the appellee's earlier breach in its January orders. The motion of appellant for a judgment in its behalf should have been sustained.

The oil contract was executed at the same time as the gasoline contract. On October 12, 1932, the appellee ordered 4,000 gallons of oil under its contract, which were shipped to it, received, and paid for. There was no dispute over this contract,

and it was never modified, but from October 12 until January 28, 1933, the appellee gave no orders for other shipments. On January 28 it ordered 4,000 gallons of germ process motor oil, which the appellant refused to ship without assigning reason therefor. The contract contained no provision, such as was embraced in the gasoline contract, authorizing cancellation for failure on the part of appellee to order stipulated quantities within defined periods. It merely provided for the sale and delivery to the appellee, within one year from September 29, 1932, of 25,000 gallons of oil. The failure of the appellant to fill the order given by appellee on January 28, 1933, was a breach of the contract for which the appellee was entitled to damages. The trial court found that no damages had been proved, and awarded only nominal damages, which it included in the judgment for breach of the gasoline contract.

The judgment is reversed, and the cause remanded, with direction to dismiss the petition so far as it seeks a recovery for breach of the gasoline contract. Baltimore & Carolina Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636. The costs of the appeal will be paid by the appellee.