**HUNT, Insurance Commissioner of Pennsylvania, v. FIDELITY & DEPOSIT CO. OF MARYLAND.**

No. 6235.

Circuit Court of Appeals, Third Circuit.

March 18, 1938.

For prior opinion, see 92 F.2d 75.

Rawle & Henderson, of Philadelphia, Pa., Maurice Stern, Sp. Deputy Atty. Gen., and Charles J. Margiotti, Atty. Gen. (Thomas F. Mount and Joseph W. Henderson, both of Philadelphia, Pa., of counsel), for appellant.

Frederick H. Knight and Francis B. Bracken, both of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This case was here before. The jury rendered a verdict for the plaintiff, but the court entered judgment for defendant on a point of law reserved. We held that in so doing the court erred, reversed the judgment and awarded a new trial. Instead of awarding a new trial we should, on the case as it then appeared, have directed the District Court to enter judgment for the plaintiff on the verdict.

The suit was brought on an indemnity bond to recover from the defendant for losses which the Penn General Casualty Company had sustained through the embezzlement of its president, C. B. Love. The bond provided that the employer of Love, the Penn General Casualty Company, should notify the defendant surety company of any default or other dishonest act of the person insured "as soon as reasonably possible or in any event within ten days after the discovery thereof by the Employer, or if the Employer be a corporation by any officer thereof not in collusion with such person."

The sole defense to the suit was that the surety company had not received timely notice of Love's embezzlement after discovery thereof. On a proper charge of the court to the jury, it found that the defendant had been timely notified. The learned trial judge on a point of law reserved entered judgment for the defendant. The facts were not in dispute.

Shortly after we had reversed the judgment below and awarded a new trial, the plaintiff filed a petition asking us to amend our judgment in so far as it awarded a new trial, and on the authority of Baltimore & Carolina Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, direct the District Court to enter judgment on the verdict. The defendant filed an answer in which it prayed that the petition be denied;

492

that the judgment awarding a new trial remain unchanged; and alleged that the defendant had been discharged of its liability for the reason that there came into the possession of the plaintiff, Hunt, as statutory liquidator of the Penn General Casualty Company, 28,986 shares of the capital stock of that company belonging to and registered in the name of C. B. Love, on which was paid to Hunt a liquidating dividend of $5 per share, and he, Hunt, instead of retaining out of these liquidating dividends, as he should have done, an amount sufficient to reimburse him as liquidator of the company, paid these dividends to Fuller, Rodney & Co., of New York City, to which Love had conveyed all his right, title, and interest in and to the stock. It is this discharge which the defendant wants to try out in the new trial awarded in our order reversing the judgment of the District Court.

The difficulty with this position of the defendant is that the alleged discharge may not be tried in the case as previously made. The jury rendered a verdict for the plaintiff and the District Court erred as a matter of law in not entering judgment thereon. This is not a case in which we directed the District Court to enter judgment non obstante veredicto, but to enter judgment on the verdict. If the case had stopped at that point, there would have been nothing to retry, and the defendant does not contend that there would have been. It wants, not to retry the old case, but to try a new case, the question of discharge, which never entered into the old case. We cannot order a new trial of the old issue of the timely notice of Love's embezzlement. We can only remand the cause for appropriate action of the District Court. Whether or not it will or can allow an amended affidavit of defense so that an entirely new case on a new defense may be tried is a question for that court and not for this.

The liquidating dividends of $5 per share were paid in two installments, one of $4.50 per share on July 7, 1936, two months after the trial and the entry of judgment for the defendant in the District Court, and the other of 50 cents per share on January 7, 1937, eight months before judgment was entered in this case. The defendant now finds fault with the liquidator because he did not anticipate how the case would end and retain the possession of money which had been assigned to another. A sufficient answer might be that the defendant itself should have foreseen the result and have taken steps to have the liquidator retain the dividends.

Further, what the circumstances were under which the liquidator paid the dividends to Fuller, Rodney & Co. we do not know and cannot determine whether the defendant now has the legal right to raise and try out its new defense in amended pleadings. If the District Court should find that it does not have such right, it will enter judgment on the verdict of the jury, but, if it finds that it does have such right, it will proceed as right and justice require.

The judgment entered by this court is vacated, the judgment of the District Court is reversed, and the cause remanded to the District Court for such further action as may be appropriate in the premises.