## FISHER v. LORD et al.
### No. 7659.

Circuit Court of Appeals, Seventh Circuit.
Dec. 31, 1941.

Rehearing Denied Jan. 30, 1942.

Norman Crawford and Thos. Hart Fisher, both of Chicago, Ill., for appellant.

David J. Kadyk and Geo. B. Chapman, III, both of Chicago, Ill. (Lord, Bissell & Kadyk, of Chicago, Ill., of counsel), for appellees.

Before EVANS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Plaintiff sued upon an insurance contract with defendant and recovered judgment in the District Court which upon appeal was reversed by this court. Fisher v. Underwriters at Lloyd's London, 7 Cir., 115 F.2d 641. A full discussion of the facts and the respective contentions appears in that opinion. Upon remand "with directions to proceed in the manner provided by law" the District Court, pursuant to what it conceived to be its duty under the mandate of this court, peremptorily entered judgment against plaintiff on the merits and for costs, and plaintiff has now become the appellant.

Plaintiff in her brief defines the issue as follows: "The only question presented and contested on this appeal is whether the plaintiff is entitled to a voluntary nonsuit or a retrial upon the same or amended pleadings pursuant to the mandate and opinion of this Court reversing and remanding the cause to the trial court 'with directions to proceed in the manner provided by law.'"

Reference is made to our previous opinion as to the matters there decided, but briefly, we held that the relationship between the parties was defined by a written contract of insurance called a "cover note" and did not rest in parol as contended by plaintiff. We held that the oral conversations between the parties had merged in the later written contract and that one of the provisions of the written contract obliged plaintiff to establish that she had contracts of professional employment during the insurance period for which she was asserting disability. She had failed to prove any such contracts of employment and such failure we held fatal to her right of recovery. Early in the first proceedings in the District Court, defendant had propounded various interrogatories to plaintiff, some of which she had answered, but those seeking to elicit the information as to whether she had contracts of employment during the period covered by the insurance contract, she declined to answer in the manner called for, even after the District Court had entered an order requiring her to do so. Later, on March 20, 1939, the District Court entered a penalizing order pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in which it was provided that plaintiff, because of her failure to answer the required interrogatories, should be barred from offering evidence of any such contracts at the time of trial. This order was entered with plaintiff's consent and at the trial she did not seek to offer any such proof, resting her case solely on her original theory that her claim was founded upon an oral contract of insurance wherein she asserted that it was unnecessary for plaintiff to have such contracts of employment. While the District Court at the hearing on the propriety of defendant's interrogatories had held them proper and directed plaintiff to answer under the penalty indicated, yet on the final hearing the District Court reached a conclusion favorable to plaintiff and held that plaintiff was entitled to recover, regardless of such contracts of employment. This came about because in its conclusion of law as to whether the oral contract or the written "cover note" was controlling the District Court gave effect to the purported oral contract. With this conclusion we disagreed and held that the "cover note" constituted the insurance contract between the parties, and reversed.

Plaintiff erroneously assumes that our previous ruling was founded in part upon a disagreement with the trial court's findings of fact. We think the opinion makes it clear that we disagreed only with the legal

conclusions drawn from the facts. The concluding paragraph recites: "On the undisputed competent evidence defendant was entitled to judgment. The judgment is reversed and the cause remanded." [115 F. 2d 646.] The previous holding makes it plain that plaintiff was not entitled to recover without proof of contracts of employment. She had voluntarily foreclosed her right to this proof by reason of her failure to answer interrogatories and the subsequent barring order of the District Court. The assumption followed naturally that plaintiff felt herself unable to make such proof and preferred to rest her cause on a different legal theory. Such theory ultimately prevailed in the District Court, but was held by this court to be unsound.

In carrying out the mandate of this court, the District Court concluded that nothing remained for it to do, vacated its previous judgment in plaintiff's favor and rendered a new judgment that plaintiff take nothing and that defendant recover costs.

Plaintiff now contends that she was, on remandment, entitled to a new trial or a voluntary nonsuit and asserts that she has been deprived of her constitutional rights under the Seventh Amendment, notwithstanding the parties had, under the operation of the new civil rules, waived a trial by jury. Plaintiff leans heavily upon a decision of the Eighth Circuit in Millers' Mutual Fire Insurance Association v. Bell, 1938, 99 F.2d 289, wherein the leading cases of Slocum v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann. Cas.1914D, 1029, and Baltimore & C. Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 892, 79 L.Ed. 1636, are discussed. If it be conceded that plaintiff is in no less favorable position by reason of the jury waiver, still Millers' case is inapplicable. A situation confronted the court in that case which they deemed controlled by the Slocum case and not the Redman case. In the Redman case the trial court had reserved ruling on defendant's motion for a directed verdict, and after verdict had denied the motion. On appeal it was held that the trial court had erred in its failure to allow the motion for a directed verdict and that there was thus presented purely a question of law. The Redman case both distinguished and modified the doctrine of the Slocum case, and recited that they had held in the Slocum case that the Court of Appeals "could not itself determine the issues of fact and direct a judgment for the defendant, for this would cut off the plaintiff's unwaived right to have the issues of fact determined by a jury." There had been no such reservation in the Slocum case as appeared in the Redman case. The Supreme Court, therefore, held in the Redman case that upon remandment there should have been a judgment of dismissal on the merits without retrial, for the court was confronted purely with a legal question. In the case of Brunet v. S. S. Kresge Co., 7 Cir., 115 F.2d 713, where we reversed the District Court for failure to direct a verdict for defendant on account of insufficiency of proof, we remanded with directions to dismiss on the merits. Our opinion on rehearing discusses Rule 50(b) and the pertinent decisions of the Supreme Court. In Spreitler v. Louisville & N. R. Co., 125 F.2d 115, decided at this term, we entered a similar order.

So far as plaintiff's constitutional rights are concerned, the instant case is a much stronger one for similar disposition than the Redman case. Here we had on appeal determined that the trial court had erred in matters of law and this became the law of the case which the District Court was bound to follow; moreover, plaintiff could not on a retrial supply the proof which we had held essential without removal of the barring order hereinbefore referred to; and she would not in any event have been entitled to a jury trial as provided by the Seventh Amendment for this she had voluntarily relinquished.

After the entry of the judgment against plaintiff in the District Court, she filed a motion for a new trial in which she sets forth in great detail many of the interrogatories referred to, together with her answers to the same, in an apparent effort, either to show that she had sufficiently answered the interrogatories with reference to contracts and engagements to perform or to justify her refusal to answer in the manner required by the District Court. Later, she filed another motion to set aside the judgment of the District Court and for a retrial and asserts in support thereof "that she will make full and adequate proof at said retrial of the existence of contracts of employment on each and every date from January 23, 1938 to and including March 4, 1938." This is the period covered by the written "cover" note involved herein and is the very crux of any right that she may have under her insurance contract. She also submits two affidavits in connection with the motion tending to show that she

had contracts to perform for a portion of the time involved.

Although the writer of this opinion believes that the District Court exercised a sound discretion in its summary disposition of the case on remand, the majority of the court feel that in view of the showing made by plaintiff she should now be accorded the opportunity of offering proof of professional engagements during the period covered by the written contract of insurance, in harmony with the previous decision of this court. She has not had this opportunity since this court held such proof to be prerequisite to recovery.

Counsel for plaintiff has also urged upon us a reconsideration of the questions decided upon the previous appeal and has done so with such earnestness that we have again reviewed the entire record. While we find a slight inaccuracy in the previous opinion in a reference we there made to certain facts, the same is in no sense controlling and does not affect the result. We adhere to the legal conclusions there reached and the construction of the insurance contract there announced will be the guide to be followed on re-trial.

The judgment of the District Court is reversed, with directions to grant a new trial.

Reversed and remanded.