## MULLEN v. FITZ SIMONS & CONNELL DREDGE & DOCK CO.

### No. 47 C 1442.

United States District Court
N. D. Illinois, E. D.

Oct. 17, 1950.

Irving Breakstone, Chicago, Ill., for plaintiff.

Edward B. Hayes, Lord, Bissell & Kadyk, Chicago, Ill., for defendant.

SULLIVAN, District Judge.

The plaintiff has submitted a memorandum in opposition to defendant's motion for directed verdict. It is his assertion that the defendant has waived its right to have the court pass upon this motion, and that the court is without jurisdiction to pass upon the same at this time.

At the trial at the conclusion of all the evidence, defendant moved orally for a directed verdict on all three counts of the plaintiff's complaint, specifying the grounds which entitled it to a favorable decision. This court reserved decision "until further order of the court" and set a date for argument of the motion. At that time defendant renewed its motion and reasserted the grounds which entitled it to judgment. (The verdict was returned April 6th; by order entered the following day the court set the motion for argument on April 26th.)

Upon these facts plaintiff contends that the court has lost jurisdiction to pass favorably upon the defendant's motion for a directed verdict. He says that Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., compels that conclusion. Rule 50(b) provides as follows: *"Reservation of Decision on Motion.* Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

When the motion for a directed verdict is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. It is plaintiff's position that to preserve his rights, the defendant must within 10 days after the reception of the verdict, move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict. In the case at bar, the defendant failed to file any such motion, and none is now pending. Plaintiff asserts that the reservation of the court of its rulings upon the motion for the directed verdict and the reception of the verdict thereafter without compliance with Rule 50(b) by the defendant robs this court of jurisdiction now to entertain such motion, and constitutes a waiver by the defendant of its right to judgment notwithstanding the verdict.

Our Court of Appeals has rejected plaintiff's interpretation of Rule 50(b), approving the procedure followed by the court and by the defendant in this case. In Kline v. Yokom, 7 Cir., 1941, 117 F.2d 370, 373, our Court of Appeals held:

"Finally it is contended that the motion for judgment notwithstanding the verdict was not seasonably made. Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. As before noted on April 26, 1940, at the close of all the evidence, Yokom presented his written motion for a directed verdict, which was taken subject to the verdict of the jury. After the return of the special verdicts a hearing on the motion for a directed verdict was considered by the court on May 17, 1940, at which time counsel for Yokom, by leave of court, presented an amended motion for a directed verdict. We are of the opinion the point is not well taken.

The motion which was sustained was the same motion in amended form, which had been presented at the close of all the evidence and upon which the trial court reserved his ruling.

"We think the judgment of the District Court was right. It is therefore affirmed."

Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636, indicates the desirability of lodging power in the trial judge to reserve motions for decision after he has had the benefit of argument. The parties benefit from considered disposition of reserved motions. The plaintiff's suggestion that the court may lose jurisdiction over the motion it has itself reserved unless one of the parties to the litigation takes action of some kind is at variance with reason and practice.

Nor, contrary to plaintiff's assertion, does Rule 50(b) lead to that result. The rule was framed to *extend* the application of the Redman case, supra. Expansion of the reservation device used by the court in the Redman case and in the case at bar was intended—not a contraction which would remove from the trial court the power to reserve and hear argument on its own initiative in the interest of the "considered rulings" of which the court spoke in the Redman case. Nowhere in Rule 50(b) is there evidence of any intention to take from the court its power without any action by a party to reserve a motion at the end of all the evidence and later dispose of that motion after reception of a verdict.

Plaintiff seems to disregard the facts and to assume that the motion in issue has arisen *after* reception of the verdict. His memorandum is directed to that assumption, as is evidenced by his reliance on Southeastern Greyhound Lines v. McCafferty, 6 Cir., 169 F.2d 1, a case in which no motion was made before submission of the case to the jury and hence no reservation, actual or assumed, arose.

But the situation and rule plaintiff argues is not involved in this case. Rule 50(b)'s provision for automatic reservation of a motion, with its sanction for timely action by the moving party after verdict, is not the source of the court's power to determine this motion. The motion at issue was made at the conclusion of all the evidence *before* a verdict was returned. The reservation was by the court. On the day following the return of the verdict, the court set the reserved motion for argument. This court has power to proceed as it has done in deciding the ruling to be made on a motion for directed verdict. The motion on which defendant is relying is not the motion after verdict contemplated in Rule 50(b).

The rule that plaintiff would borrow from Rule 50(b) to defeat a prerogative of the court which antedates the liberalizing Federal rules, Baltimore & Carolina Line v. Redman, supra, cannot be applied in this dissimilar situation—to a pending motion, seasonably made and reserved by the court, coming on for argument at the time set by the court. Kline v. Yokom, supra.

Plaintiff offers a second objection—towit, no motion for a directed verdict was ever had with reference to Count III. Plaintiff contends that the failure to make a motion for a directed verdict at the close of all the evidence with reference to this count of the complaint waives all right on the part of the defendant to have the court consider the sufficiency of the evidence to sustain the same.

Defendant answers this objection by stating that his motion for a directed verdict made orally at the conclusion of all the evidence was directed to all three counts of the complaint. Such a motion made during trial need not be in writing. Hammond-Knowlton v. Hartford-Conn. Trust Co., of Hartford, D.C., 26 F.Supp. 292. Rule 7(b)(1) of the Federal Rules of Civil Procedure provides: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. * * *"

At the time set by the court for argument of the motion, defendant renewed its motion and restated the grounds in support thereof with respect to all three counts of the complaint. Thereafter briefs, submitted at the

court's request, reiterated that position—levelled at all three counts.

A written motion which moved for a directed verdict only on Counts I and II was filed following the oral motion on all three counts. It is defendant's position that such motion omitting reference to Count III was inadvertently filed. He asserts that omission of Count III from that merely confirmatory written motion was not, and cannot be considered, an abandonment of the oral motion, valid in itself, Rule 7(b)(1), supra, directed to Count III.

■ In the light of Rule 7(b)(1), there can be no claim that a motion for a directed verdict seasonably made, directed to Count III, is not before the court.

Plaintiff offers a third objection to the motion for directed verdict. He contends that plaintiff was entitled to verdict for medical cure and care and maintenance which right arises out of the maritime employer-employee relationship irrespective of negligence or fault on the part of the defendant.

■■ However, plaintiff has disqualified himself from all rights to maintenance and cure. He disobeyed his orders, disregarded the duty placed upon him as a deckhand to his ship, his shipmates and to himself. He suffered injury as a result; he cannot throw the consequence of his own dereliction upon his employer. An injured seaman is entitled to his expenses of maintenance and cure, if any, arising out of maritime injury irrespective of negligence or fault of the ship-owner so long as he also is free of conduct which renders the placing of that responsibility upon the ship-owner contrary to the purposes for which the concept of maintenance and cure was designed, that is, so long as he is free of misconduct or indiscretion or of disobedience of orders and disregard of his seaman's duties.

It is my conclusion that the defendant's motion for directed verdict be granted for the following reasons:

1. The court has jurisdiction to pass upon defendant's motion for directed verdict. Rule 50(b) does not apply to this situation—to a pending motion, seasonably made and reserved by the court, coming on for argument at the time set by the court.

2. Said motion for directed verdict is embracive of all three counts.

3. Plaintiff has disqualified himself from all rights to maintenance and cure as a consequence of his own misconduct.