MURDOCK, Justice
(concurring in the result).
I believe the main opinion reaches the right result, but for the wrong reason. The State was not entitled to a writ of mandamus from the Court of Criminal Appeals if it could not establish all four of the elements necessary for the issuance of such a writ:
“(1) a clear legal right to the relief sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of this Court.”
Ex parte Bill Heard Chevrolet, Inc., 927 So.2d 792, 798 (Ala.2005). The main opinion concludes, wrongly in my view, that the State failed to establish the second element, i.e., that the trial court was under “an imperative duty ... to perform” but refused to do so. I believe the proper ground upon which to base our decision in *938 this case, however, is that the State failed to establish the first element, i.e., that it had “a clear legal right to the relief sought.”
If the State had a clear legal right to the entry of a judgment based on the jury's verdict, then I do not see how it would not be “imperative” for the trial court to enter that judgment at the procedural juncture at which the trial court and the parties had arrived when the State sought mandamus relief from the Court of Criminal Appeals. The trial was at an end. The jury had returned its verdict against the defendant. The trial court had ruled that some of the evidence upon which the jury had reached its verdict should have been suppressed. The only thing left for the trial court to do — indeed, the very next thing for the trial court to do — was to consider the entry of an order granting the defendant a new trial or a judgment of acquittal. If the State was to obtain the relief it sought — the avoidance of an order for a new trial or a judgment of acquittal, and instead the procurement of a judgment of conviction based upon the jury’s verdict— it obviously was imperative for the State to obtain that at the juncture at which it sought it. Further, the trial court’s post-trial, postverdict order granting the defendant’s motion to suppress the evidence was tantamount, at least in this particular case, to a refusal to enter a judgment of conviction based on the jury’s verdict.
The problem in my view is not that the duty, if any, on the part of the trial court to perform was not imperative; it is that there simply was no such duty — at least not as this case has been argued. In other words, the problem for the State as I see it is that it has no “clear legal right to relief’ in the circumstances presented.
The order of the trial court suppressing the evidence in question has not been challenged on its merits in the Court of Criminal Appeals or in this Court. The only other challenge to this ruling that the State could make, and the only challenge that it has in fact attempted to make, is that the suppression order by the trial court came too late procedurally — specifically, that the trial court could not suppress the evidence at the late date (posttrial and postverdict) at which it purported to do so. It is not necessary to address the merits of this argument in order to determine that the State does not have a clear legal right to relief based upon it. This is so because it is an argument that the State did not make to the trial court. To the contrary, the State repeatedly had the opportunity throughout the litigation — before, during, and after the trial — to assert this position but did not do so. It repeatedly acquiesced in the trial court’s continued reservation of the issue of suppression until after the trial had been concluded and a verdict returned.
Our appellate courts do not grant relief based on arguments presented for the first time to the appellate court. Ex parte Farley, 981 So.2d 392, 397 (Ala.2007) (quoting Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992), and Baldwin County Elec. Membership Corp. v. Catrett, 942 So.2d 337, 348 (Ala.2006)). See also Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 659, 55 S.Ct. 890, 79 L.Ed. 1636 (1935) (“The verdict for the plaintiff was taken pending the court’s rulings on the motions and subject to those rulings. No objection was made to the reservation or this mode of proceeding, and they must be regarded as having the tacit consent of the parties.”). Thus, the State did not seek in its petition to the Court of Criminal Appeals to vindicate a “clear legal right to relief.” It is on this basis that I concur in the result.