**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHERRIE CARLSON SANDAU, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOHN A. WOOD, CHRISTOPHER CASS, and THE CITY OF PORTLAND, <br><br> Defendants-Appellees. | No. 11-35405 <br><br> D.C. No. 07-00632-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 11, 2012
Portland, Oregon

Before:    SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Appellant Sherrie Sandau appeals the district court's denial of her motions

for a directed verdict and judgment notwithstanding the verdict, and various other

rulings relating to the jury trial of her § 1983 claims surrounding the entry into her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

house and the manner of her arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Sandau argues that the district court erred in denying her motions under Rule 50 alleging that Officer Wood violated the Fourth Amendment by entering her house without a warrant. We disagree. The district court correctly ruled that a jury reasonably could have found that Officer Wood's actions fell within the emergency exception to the warrant requirement. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 403-406 (2006) (holding that police officers may enter a home to prevent serious injury to persons or property).

Second, Sandau argues that the district court erred in denying her motion for judgment as a matter of law arguing that Officer Wood violated the Fourth Amendment in the manner in which she was arrested. Again we disagree. The district court correctly ruled there was sufficient evidence on which a jury could have concluded that Wood acted reasonably under the circumstances. Sandau argued that her rights were violated when she was taken to jail dressed only in a thigh-length t-shirt and undershirt. However, the evidence supports a finding that Sandau was behaving erratically and violently when the police encountered her, and that it was necessary to get her into the police car as quickly as possible for the safety of all concerned. The ride to the jail took only ten minutes, and she was

furnished additional clothing shortly after her arrival. This situation is entirely distinguishable from *Franklin v. Foxworth*, 31 F.3d 873 (9th Cir.1994), in which the plaintiff inexplicably was made to sit on a couch for two hours with his genitals exposed while a search of his home took place.

Third, Sandau argued that the district court erred in denying her request to let the jury decide whether a written police policy was unconstitutional. There was no error. The question is a legal one for the court, not a jury, and was not raised earlier by appropriate motion. *Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 657 (1935) ("[I]ssues of law are to be resolved by the court and issues of fact are to be determined by the jury" in a civil action).

Fourth, the district court did not abuse its discretion in allowing Phil Zerzan to testify as an expert on police procedure that embraced ultimate issues. Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue.") Additionally, the district court did not abuse its discretion in finding Zerzan qualified to express an expert opinion and that his testimony might be helpful to the jury. *See United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007) (holding that there was no error in allowing a police officer with eleven years experience to testify as an expert). Furthermore, the district court did not improperly limit Sandau's cross examination of Zerzan.

Fifth, the district court did not abuse its discretion in precluding the testimony of Bruce Billesbach and Doug Justus. Sandau explicitly stated that they were not proffered as experts. The district court did not abuse its discretion in ruling that their anecdotal lay experiences in other contexts were not relevant. *United States v. Skeet*, 665 F.2d 983, 985-986 (9th Cir. 1982) (upholding a district court's preclusion of lay witness testimony).

Sixth, Sandau argued that the district court improperly excluded evidence of Officer Wood's prior conviction for misconduct arising from an unrelated traffic stop. There was no abuse of discretion. The convictions were not admissible under Federal Rule of Evidence 609(a)(2). Moreover, the incident bore no resemblance to this case. The district court properly weighed the probative and prejudicial value of the evidence under Federal Rule of Evidence 403, and did not abuse its discretion in finding the evidence more prejudicial than probative. *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) ("We must affirm if the record, as a whole, indicates that the court properly balanced the evidence."); *see also United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985) (concluding that a district court's admission of a prior felony conviction was an abuse of discretion where the conviction did not implicate the veracity of the defendant's testimony).

Finally, Sandau argues that the district court abused its discretion in not providing more specific jury instructions regarding the reasonableness of the police officers' actions. However, the instructions given were a correct statement of the law and adequately apprised the jury of what it needed to decide. There was no abuse of discretion. *See Tritchler v. County of Lake*, 358 F.3d 1150, 1154-55 (9th Cir. 2004) (holding that there was no error in jury instructions telling the jury to consider all the circumstances in an employment discrimination case).

**AFFIRMED**.