**Concurring Opinion Filed February 10, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00151-CV

**INLAND WESTERN DALLAS LINCOLN PARK LIMITED PARTNERSHIP AND RPAI SOUTHWEST MANAGEMENT, LLC, Appellants**
**V.**
**HAI NGUYEN AND MAI NGUYEN, INDIVIDUALS, D/B/A ROMIER'S NAIL BOUTIQUE, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-08114**

## OPINION CONCURRING IN DENIAL OF EN BANC RECONSIDERATION

Opinion by Justice Schenck

Because much ink has already been expended in this case, I concur in the denial of appellees' Petition for Rehearing En Banc and write only to highlight how unfounded are appellees' suggestions that, by reversing the trial court's judgment on the jury verdict and rendering a take-nothing judgment against appellees on their fraudulent inducement and negligent misrepresentation claims, the panel (1) denied them a legal right to a jury determination and (2) relied upon an argument appellants did not raise in the trial court or on appeal. As I more fully set forth below, (1) when there is no legal basis upon which a party may obtain judgment, it is not a violation of a party's right to trial by jury for a judgment to issue as a matter of law, and (2) contrary to appellees' assertion, appellants preserved and raised the issue of justifiable reliance, not once,

not twice, but three times.[1]

In the year since the Court granted appellees' request for en banc consideration, no one has identified a legal basis on which judgment may be entered in favor of appellees on the verdict, and none has been identified in the dissent from denial of the petition for reconsideration. *See Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996) (conduct that gives rise to liability only because it breaches the parties' agreement sounds in contract only, not fraud);[2] *Petras v. Criswell*, 248 S.W.3d 471, 476 (Tex. App.—Dallas 2008, no pet.) (cause of action for negligent misrepresentation requires a misstatement of existing fact rather than a promise of future conduct).

Appellees nevertheless appear to champion a new form of decision-making, contending that the Seventh Amendment to the United States Constitution entitles them to a judgment notwithstanding the rule of law. In the federal system, the Seventh Amendment has been read to embrace proceedings before judgment and to preserve the right to a jury trial to the full extent of its recognition at English common law by 1791, when the Bills of Rights were ratified. *Chauffeurs, Teamsters, & Helpers Local No. 391 v. Terry*, 494 U.S. 558 (1990). Notably, at English common law the right, though of central importance, was held to assure a decision in all cases *based* on the rule of law, and not despite it. William Blackstone, 3 *Commentaries* at 331–32. As a result, appellees' protestation is contrary to summary judgment, judgment notwithstanding the verdict, or reversal on appeal in the face of a legally invalid theory of recovery or objectively inadequate proof, all of which have been upheld and recognized by the span of great names of the federal

---

[1] In the trial court and their brief on appeal, appellants set forth the elements of fraud and negligent misrepresentation claims and asserted "[t]here is no evidence or insufficient evidence to support each element of a fraud claim," and "[t]here is no evidence or insufficient evidence to support each element of a negligent misrepresentation claim." In addition, in the trial court, appellants made these same objections repeatedly to the submission of the question in the charge, in a motion for judgment notwithstanding the verdict, and in a motion for new trial. In this Court, appellants' argument proceeded under combined "point of error number 2 restated" that "there is legally or alternatively factually insufficient [evidence] to support the jury's answers to Special Issues No. 1 [fraud] and 3 [negligent misrepresentation]." Then, after discussing the legal and factual sufficiency standards applicable to that "point of error," appellants list the elements of a fraud cause of action and urge that there is "no evidence or insufficient evidence of each element." Appellants specifically asserted that there is "no evidence or insufficient evidence of justifiable reliance" and pointed to the fact that Hai did not indicate to Johnson that he himself had understood the lease to be renewed orally—and notwithstanding the requirement of a writing—by his oral conversation with Kasal or any representation by him prior to his signing the final amendment. Thus, urged appellants, there was no actual, let alone justifiable reliance by Hai.

[2] Appellees did not try their case on a breach-of-contract theory.

judiciary. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 348 (1979) (Rehnquist, J., dissenting) (dismissing as frivolous notion that summary judgment violates Seventh Amendment while objecting to application of non-mutual offensive estoppel); *United States v. Clark*, 445 U.S. 23, 34 (1980) (Marshall, J.) (affirming summary judgment for deceased employee's illegitimate children seeking survivors' benefits under the Civil Service Retirement Act): *Nat'l Bd. of Young Men's Christian Ass'n v. United States*, 395 U.S. 85, 86, 94 (1969) (Brennan, J.) (affirming summary judgment for the United States, respondent below); *McDonald v. Bd. Of Election Comm'rs of Chicago*, 394 U.S. 802, 806, 811 (1969) (Warren, C.J.) (affirming summary judgment for the Board, respondent below).

Of course, the Seventh Amendment does not apply in state proceedings. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 432 (1996) (Ginsburg, J.). Instead, our constitution has its own jury trial provision. *See* TEX. CONST. art. I, § 15. Notwithstanding that provision, our system, like the federal, recognizes summary judgment, judgment notwithstanding the verdict, and reversal on appeal, and the fact that there is no right to a judgment on a jury verdict if the legal theory is invalid or the objective quality of the evidence does not support the jury's finding. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). Thus, our constitution, no less than its federal counterpart, adheres to the notion that the right to jury is a part of, *and not a replacement for,* the rule of law. And, of course, issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court. *Baltimore & Carolina Line v. Redman*, 295 U.S. 654 (1935); *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 831 (Tex. 1994) (Doggett, J.) (affirming summary judgment against 37 plaintiffs); *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 735–37 (1990) (Mauzy, J.) (affirming trial court's grant of summary judgment). Of course, the question of whether the evidence in any given case is objectively

sufficient is itself a question of law reserved for decision by the court, as Justices Brister[3] and Doggett have both advised us. *Accord Redman*, 295 U.S. at 659; *The Case of the Abbot of Strata Mercella*, (1591) 9 Coke's Rep. 24a, 30b, 77 Eng. Rep. 765, 776 (K.B.).

Appellees urge us to embark on a new path on which those who preceded us would not embark. I agree with Justices Warren, Brennan, and Marshall, and Texas Supreme Court Justices Doggett and Mauzy that it would be improvident to accept that invitation.

Because appellants preserved the issue of justifiable reliance for appeal and sufficiently raised justifiable reliance on appeal, and because there was no legal basis upon which appellees were entitled to judgment, I concur in the Court's decision to deny appellees' request for en banc consideration.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Bridges, Evans, JJ. Join in this concurring opinion.

170151HC.P05

---

[3] *City of Keller,* 168 S.W.3d at 823; *Holt v. Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 87 (Tex. 1992) (Doggett, J., concurring).